■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHRISTOPHER HAYNIE, Appellant.—Appeal by the defendant from two judgments of the Supreme Court, Queens County (Appelman, J.), both rendered July 5, 1990, convicting him of criminal sale of a controlled substance in the fifth degree under Indictment No. 12104/89, and criminal possession of a controlled substance in the fifth degree under Indictment No. 10652/90, upon his pleas of guilty, and imposing sentences. The appeal from the judgment rendered on Indictment No. 12104/89 brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion under that indictment which was to suppress physical evidence.

Ordered that the judgments are affirmed.

There is no merit to the defendant's contention that the court erred by denying suppression, without granting his request to call as a defense witness, the undercover police officer to whom he sold cocaine. At the *Mapp* hearing the arresting officer, who was part of the undercover officer's back-up team, testified that he arrested the defendant after the undercover officer transmitted a radio report that the defendant was one of two individuals from whom he had just purchased cocaine. The arresting officer testified as to the detailed descriptions provided by the undercover officer and that the defendant was found at the scene approximately one and one-half minutes later, matching the description provided. The defendant and his codefendant, who had also accurately been described by the undercover officer, were apprehended and moments later the undercover officer drove by and confirmed that the correct suspects had been arrested. Under the circumstances, the testimony of the arresting officer adequately established the existence of probable cause to arrest the defendant based upon the reliable, first-hand information provided by the undercover officer, without the need for the undercover officer's testimony *(see, People v Petralia,* 62 NY2d 47, *cert denied* 469 US 852; *People v Russo,* 172 AD2d 295; *People v Mitchell,* 168 AD2d 516). Accordingly, the court correctly denied suppression of the eight additional vials of cocaine recovered from the defendant incident to his arrest.

We have examined the defendant's remaining contentions, including his claim of excessive sentence with respect to his conviction under Indictment No. 10652/90, and those raised in his supplemental *pro se* brief, and find them to be without merit. Thompson, J. P., Sullivan, Harwood and Balletta, JJ., concur.