THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT LANDRY, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Hanophy, J.), rendered May 16, 1990, convicting him of criminal sale of a controlled substance in the third degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

The defendant was arrested in a so-called "buy-and-bust" operation for sale of cocaine to an undercover police officer. The defendant moved to suppress the prerecorded purchase money found on his person. After a suppression hearing, the court denied the motion, finding that there was probable cause to arrest the defendant. We agree.

Probable cause to arrest exists when "the facts and circumstances, viewed together * * * would lead a reasonable person possessing the same expertise as the arresting officer to conclude that an offense has been or is being committed" *(People v White,* 117 AD2d 127, 131, citing *Brinegar v United States,* 338 US 160, 175-176; *see also, People v Bigelow,* 66 NY2d 417).

In the instant case, the undercover officer's description of the defendant, coupled with the arresting officer's expertise and the defendant's close proximity to the scene of the crime, when viewed together, were sufficient to provide the arresting officer with probable cause to arrest *(see, People v Brown,* 173 AD2d 629; *People v Dawkins,* 163 AD2d 322).

We have considered the defendant's remaining contentions and find them to be without merit. Bracken, J. P., Copertino, Pizzuto and Santucci, JJ., concur.