■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MILTON WIGGINS, Appellant.—Appeal by the defendant from (1) a judgment of the Supreme Court, Kings County (Kreindler, J.), rendered September 4, 1990, convicting him of rob-

bery in the third degree, upon a jury verdict, and imposing sentence, and (2) a judgment of the same court, rendered February 13, 1991, convicting him of murder in the second degree and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress certain identification testimony.

Ordered that the judgments are affirmed.

The suppression court held a hearing to determine if the defendant's identification by two witnesses from a single arrest photograph was confirmatory (see, People v Rodriguez, 79 NY2d 445). At the hearing, the investigating officer testified that one of the identifying witnesses gave the police a description of the defendant, told the police the defendant's first name, and accurately described his residence. The officer testified that a second witness, whose name was withheld at the time of the hearing, also knew the suspect's first name and had stated, when asked about his acquaintance with the defendant and other alleged participants in the crime, "They know me and I know them".

At the close of this testimony, the defendant requested that both identifying witnesses be called as witnesses at the hearing. The suppression court understood this request to refer to the identification of the named witness only, stating "[y]ou want me to call [the named witness]? Is that what you said?" Counsel replied, "[y]es Judge," and made no attempt to reaffirm that his request was intended to include the second witness whose identity was being withheld. The court denied the application, and subsequently concluded that the photographic identifications made by both the named witness and the second witness were confirmatory because both witnesses knew the defendant.

Under the circumstances, we find that defense counsel failed to properly apprise the court that counsel was seeking the testimony of the individual whose identity was being withheld or that counsel was intent upon subjecting that witness's asserted acquaintanceship with the defendant to "adversary testing" (see, People v Rodriguez, supra, at 451). By effectively abandoning his request that the second witness be called, the defendant failed to preserve for appellate review any error with respect to that witness's identification (see, CPL 470.05 [2]).

We also hold that the trial court correctly allowed the

prosecution to present a transcript of that witness's testimony at the second trial, pursuant to CPL 670.10, as the prosecution made a good faith effort to locate him *(see, Ohio v Roberts,* 448 US 56, 74-76; *see also, People v Arroyo,* 54 NY2d 567, 570-571, *cert denied* 456 US 979). Prior to the trial the witness was apparently a frequent visitor in his family's neighborhood, but at some time before trial, he absented himself, following a family quarrel. Although the witness was apparently reluctant to testify, "there was no suggestion that the prosecution had advance notice of [the witness's] move" *(Gonzalez v Scully,* 578 F Supp 1063, 1071, *affd* 738 F2d 418, *cert denied* 469 US 1020). Once the trial was imminent, the prosecution conducted a thorough investigation, and on this record we are satisfied that "it was very unlikely that any additional efforts would have resulted in locating the witness" *(Gonzalez v Scully, supra,* at 1071).

Lastly, the defendant's claims of error with respect to the prosecutor's cross-examination of a defense witness are unpreserved for appellate review, and in any event, lacking in merit. Thompson, J. P., Balletta, Ritter and Santucci, JJ., concur.