■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JULIO PACHECO, Appellant. [596 NYS2d 157] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Owens, J.), rendered June 14, 1990, convicting him of attempted criminal possession of a controlled substance in the third degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence, and the denial, without a hearing (George, J.), of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

The defendant contends that the hearing court erred in finding that his arrest for criminal sale of a controlled substance was supported by probable cause. We disagree. It is well established that where, as here, an arresting officer has acted on the basis of a radio communication from a fellow officer who has personal knowledge of the facts transmitted, "the reliability of the information conveyed may be presumed, and the People are not required to call the undercover officer to testify at the suppression hearing in order to discharge their burden of coming forward with evidence to establish probable cause" (People v Brown, 184 AD2d 647, citing People v Petralia, 62 NY2d 47, 51, cert denied 469 US 852; see also, People v Haynie, 181 AD2d 695). Moreover, the description transmitted to the arresting officer, coupled with the defendant's proximity to the crime scene and his appearance, which closely matched the description of the individual who had just sold narcotics to the undercover officer, constituted " 'facts and circumstances which, when viewed together' ", would lead a reasonable person having the same expertise as the arresting officer to conclude that the defendant had perpetrated the drug sale (People v Landry, 187 AD2d 732; People v Acevedo, 181 AD2d 596; People v Javier, 175 AD2d 182; People v Harrington, 163 AD2d 327).

The defendant's further contention that the Supreme Court erred in denying his application for a Wade hearing is without merit (see, People v Polanco, 179 AD2d 531, 532, affd 80 NY2d 1012; People v Wharton, 74 NY2d 921, 922; see also, People v Roberts, 169 AD2d 284, 289, affd 79 NY2d 964; People v

*Johnson,* 178 AD2d 659; *People v Jackson,* 171 AD2d 756). Lawrence, J. P., Eiber, O'Brien and Ritter, JJ., concur.