■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARQUIS CARTER, Appellant. [603 NYS2d 508] —Appeal by the defendant from a judgment of the County Court, Nassau

County (Mogil, J.), rendered November 8, 1991, convicting him of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree (two counts), upon a jury verdict, and imposing sentence. This appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress evidence.

Ordered that the judgment is affirmed.

Officer Smith testified at the *Mapp* hearing that he observed the officers in the other backup team arrest a woman from whom they recovered two ziplock bags of crack cocaine. Upon learning that he did not receive the radio transmission from the observation team due to a faulty radio, he contacted the observation team using a backup radio. Pursuant to that communication, Officer Smith arrested the defendant, the seller of the crack cocaine, shortly thereafter.

The testimony of an arresting officer who relies upon information provided by another officer who has personally witnessed the defendant commit the crime just prior to the radio transmission, if credited by the hearing court, will establish probable cause for the arrest of the defendant (see, *People v Petralia*, 62 NY2d 47, 51-52, cert denied 469 US 852; *People v Pacheco*, 192 AD2d 625; *People v Mariner*, 147 AD2d 659, 660). In the instant case, the hearing court properly credited the testimony of Officer Smith, who was entitled to rely upon the personal observations of the drug sale by his fellow officers. The defendant's proximity to the crime scene, his appearance, which closely matched the detailed description transmitted by the officers who observed the sale, as well as the fact that the buyer was apprehended shortly after the sale possessing crack cocaine, constituted facts and circumstances which, when viewed together, would lead a reasonable person having the same expertise as the arresting officer to conclude that the defendant had perpetrated the sale (see, *People v Pacheco*, supra; *People v Landry*, 187 AD2d 732).

Viewing the evidence adduced at trial in a light most favorable to the People (see, *People v Contes*, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the jury, which saw and heard the witnesses (see, *People v Gaimari*, 176 NY 84, 94). Its determination should be accorded great weight on appeal and should not be disturbed unless

clearly unsupported by the record *(see, People v Garafolo,* 44 AD2d 86, 88). Upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence *(see,* CPL 470.15 [5]).

The defendant's remaining contentions are without merit. Thompson, J. P., Sullivan, Ritter and Joy, JJ., concur.