■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALAN SCOTT, Appellant. [627 NYS2d 718] —Appeals by the defendant from (1) two judgments of the Supreme Court, Queens County (Fisher, J.), both rendered July 7, 1993, convicting him of criminal possession of a controlled substance in the fifth degree under Indictment No. 11221/92, and attempted criminal sale of a controlled substance in the third degree under Indictment No. 11582/92, upon his pleas of guilty, and imposing sentences, and (2) from an amended judgment of the same court, also rendered July 7, 1993, revoking a sentence of probation previously imposed by the same court, upon his admission that he had violated a condition thereof, and imposing a sentence of imprisonment upon his previous conviction of attempted criminal sale of a controlled substance in the third degree under Indictment No. 12074/90. The appeal under Indictment No. 11221/92 brings up for review the denial, after a hearing (Flug, J.), of that branch of the defendant's omnibus motion which was to suppress physical evidence. The appeal under Indictment No. 11582/92 brings up for review the denial, after a hearing (Fisher, J.), of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgments and amended judgment are affirmed.

We agree with the defendant's contention that the record is insufficient to demonstrate that he knowingly, intelligently and voluntarily waived his right to appeal and, accordingly, his purported waiver is unenforceable *(see, People v Rendon,* 208 AD2d 869; *People v Pressley,* 202 AD2d 695; *People v Markland,* 183 AD2d 788; *see generally, People v DeSimone,* 80 NY2d 273, 282-283).

Contrary to the defendant's assertion, however, the hearing court properly denied suppression under Indictment No. 11221/92. The record demonstrates that the defendant's attempt to discard two paper bags containing cocaine was an

"independent act involving a calculated risk", and not a response to unlawful police conduct *(see, People v Boodle,* 47 NY2d 398, 404, *cert denied* 444 US 969; *People v Eldridge,* 178 AD2d 609; *People v Wade,* 137 AD2d 638).

There is no merit to the defendant's further claim that his arrest for criminal sale of a controlled substance under Indictment No. 11582/92 was not supported by probable cause. The record demonstrates that the undercover officer who purchased narcotics from the defendant transmitted a detailed description of the suspected seller and the seller's accomplice to the arresting officer, and specifically advised the arresting officer that the "buy" had taken place on the northeast corner of 142nd Street and Rockaway Boulevard in Queens. The arresting officer arrived at the specified location in "a matter of seconds", and immediately apprehended the defendant, who closely matched the description of the suspected seller, and the codefendant, who matched the description of the seller's accomplice. These facts and circumstances, when viewed together, would lead a reasonable person having the same expertise as the arresting officer to conclude that the defendant had perpetrated the sale *(see, People v Petralia,* 62 NY2d 47, 51-52, *cert denied* 469 US 852; *People v Carter,* 198 AD2d 229; *People v Pacheco,* 192 AD2d 625).

In light of the foregoing determinations, there is no basis for vacatur of the plea under Indictment No. 12074/90 *(cf., People v Clark,* 45 NY2d 432). Bracken, J. P., Ritter, Joy and Goldstein, JJ., concur.