■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JULIO SMITH, Appellant. [638 NYS2d 66] —Judgment, Supreme Court, New York County (Alvin Schlesinger, J.), rendered June 29, 1993, convicting defendant, after jury trial, of two counts of sexual abuse in the first degree, and sentencing him, as a second violent felony offender, to concurrent terms of $2^1/2$ to 5 years, and order of the same court and Justice, entered September 5, 1995, denying defendant's motion pursuant to CPL 440.10 to vacate the judgment, unanimously affirmed.

Defendant's claim of a *Rosario* violation is without merit. The report in question did not constitute *Rosario* material because it did not contain a recorded statement "made by a person whom the prosecutor intends to call as a witness at trial, and which relates to the subject matter of the witness's testimony" (CPL 240.45 [1] [a]). Further, the notation on the report made by the detective who testified at trial, that the investigation was "active", does not render the report *Rosario* material, as such notation did not reflect activities about which the detective testified (*cf.*, *People v Banch* 80 NY2d 610, 620), nor did it otherwise relate to the subject matter of the detective's direct testimony (*People v Goldman*, 175 AD2d 723, 725, *lv denied* 78 NY2d 1076). Nor does the report in question constitute *Brady* material (*see*, *People v Howard* 127 AD2d 109, 113, *lv denied* 70 NY2d 648). Concur—Sullivan, J. P., Milonas, Rosenberger, Kupferman and Nardelli, JJ.