■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BARRY MILLER, Appellant. [648 NYS2d 543] —Judgment, Supreme Court, New York County (Joan Sudolnik, J.), rendered June 11, 1993, convicting defendant, after a jury trial, of two counts of murder in the second degree, and sentencing him to concurrent terms of 25 years to life, and order of the same court and Justice, entered August 3, 1995, denying defendant's motion pursuant to CPL 440.10 to vacate the judgment, unanimously affirmed.

Defendant's claims of *Rosario* violations are without merit. While "the author of the report[s] was himself a witness" and each "report is a statement by [the author]", Detective Torrellas' DD-5 reports at issue did not "reflect[ ] the activities about which he testified at trial" (*People v Banch*, 80 NY2d 610, 620; *People v Smith*, 224 AD2d 347, *lv denied* 88 NY2d 942). By withdrawing his request for an adverse inference charge with respect to the handwritten complaint report of Officer Harrington, defendant expressly waived his current claim.

Detective Torrellas' hearing testimony clearly supported the court's finding that Kim Ross had sufficient familiarity with defendant such that her photographic identification of him was "merely confirmatory" and the People were not required to serve CPL 710.30 notice. The People had no obligation to produce Ross at the hearing and her subsequent identification of defendant at trial was proper (*People v Gissendanner*, 48 NY2d 543, 552; *People v Rodriguez*, 79 NY2d 445, 450).

We have considered defendant's other contentions and find them to be without merit. Concur—Milonas, J. P., Wallach, Nardelli, Tom and Mazzarelli, JJ.