■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KELLY JAMES, Also Known as ERIC JOHNSON, Appellant. [661 NYS2d 273] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (LaTorella, J.), rendered April 5, 1995, convicting him of criminal sale of a controlled substance in the third degree, criminal possession of a controlled substance in the third degree, criminal possession of a controlled substance in the seventh degree, and resisting arrest, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law, and a new trial is ordered.

The defendant contends that the trial court erred in denying his request to present the Grand Jury testimony of Anton Stewart, who testified at the Grand Jury that the defendant was framed by the police, and who had since become unavailable to testify at trial. We agree.

It is now recognized that a defendant's constitutional right to due process requires the admission of hearsay evidence consisting of Grand Jury testimony when the declarant has become unavailable to testify at trial, and the hearsay testimony is material, exculpatory, and has sufficient indicia of reliability (*see, People v Robinson,* 89 NY2d 648; *People v Tinh Phan,* 208 AD2d 659; *Rosario v Kuhlman,* 839 F2d 918). Here, there can be no doubt that Stewart's Grand Jury testimony was both material and exculpatory since, if believed, it would have established that the police wrongly placed contraband from another arrestee's property envelope into the defendant's property envelope so that the defendant would be falsely charged with criminal conduct. Moreover, upon review of Stewart's Grand Jury testimony, it is apparent that the prosecutor had a full and fair opportunity to examine Stewart, thus satisfying the "indicia of reliability" branch of the test (*see, People v Robinson, supra*). Finally, the record of the hearing that was held on the defendant's application to admit Stewart's Grand Jury testimony reveals that the defense exercised due diligence in attempting to locate Stewart (*see,*

*People v Duncan,* 230 AD2d 750; *People v Maldonado,* 210 AD2d 259; *People v Wiggins,* 189 AD2d 908). Under these circumstances, the erroneous exclusion of the proffered evidence constituted reversible error (*see, People v Robinson, supra*).

Although we are reversing the defendant's conviction and ordering a new trial, we note that the defendant failed to raise an inference of purposeful discrimination so as to establish a prima facie case of a *Batson* violation (*see, People v Jenkins,* 84 NY2d 1001; *People v Childress,* 81 NY2d 263; *People v Steele,* 79 NY2d 317; *People v Vidal,* 212 AD2d 553).

The sentence imposed was not excessive (*see, People v Suitte,* 90 AD2d 80). The defendant's remaining contentions are without merit. Miller, J. P., Joy, Goldstein and Florio, JJ., concur.