■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BARRY KEMP, Appellant. [681 NYS2d 41] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (D'Emic, J.), rendered November 27, 1996, convicting him of attempted assault in the first degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing, of those branches of the defendant's omnibus motion which were to suppress identification testimony and statements he made to law enforcement authorities.

Ordered that the judgment is affirmed.

Contrary to the People's contention, the record fails to reveal that the defendant knowingly, voluntarily, and intelligently waived his right to appeal. The trial court included a general waiver of the right to appeal among a litany of constitutional rights waived by a plea of guilty and failed to engage the defendant in an adequate colloquy to ensure that the waiver of the right to appeal was a knowing and voluntary choice (*see, People v Callahan,* 80 NY2d 273; *People v Scott,* 215 AD2d 787; *People v Rendon,* 208 AD2d 869).

The suppression court properly determined that the victim's identification of the defendant was merely confirmatory, and the defendant's contention that he was entitled to an independent source hearing is without merit (*see, People v Rodriguez,* 79 NY2d 445; *People v Gissendanner,* 48 NY2d 543). The evidence adduced at the hearing, including the defendant's own statements to the police, established that the victim and the defendant were sufficiently known to each other that the suggestiveness of the police identification procedure was not a concern (*see, People v Rodriguez, supra; People v Allen,* 231 AD2d 900; *People v Vega,* 210 AD2d 41; *People v Smith,* 193 AD2d 1054). The defendant's contention that the People were obligated to produce the victim as a witness at the hearing is unpreserved for appellate review (*see, People v Terry,* 224 AD2d 202; *People v Wiggins,* 189 AD2d 908) and, in any event, without merit (*see, People v Miller,* 232 AD2d 247).

Although the defendant contends that the court erred in denying that branch of his motion which was to suppress statements he made to the police, he does not seek vacatur of his plea on that ground alone. The defendant requests vacatur of his plea only if that branch of his motion which was to suppress the victim's in-court identification testimony is granted. Accordingly, in view of our determination that the branch of the defendant's motion which was to suppress identification testimony was properly denied, we need not address the contention that his statements should have been suppressed. Bracken, J. P., Pizzuto, Friedmann and Luciano, JJ., concur.