■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID HERRING, Appellant. [903 NYS2d 595]—

Appeal from a judgment of the County Court of Columbia County (Nichols, J.), rendered January 6, 2009, convicting defendant upon his plea of guilty of the crimes of criminal sale of a controlled substance in the third degree (three counts) and criminal possession of a controlled substance in the seventh degree (three counts).

Defendant was charged in an indictment with three counts of criminal sale of a controlled substance in the third degree and three counts of criminal possession of a controlled substance in the seventh degree after he sold cocaine to undercover police officers on three separate occasions. He pleaded guilty to all of the charges contained in the indictment in satisfaction thereof. County Court advised defendant of the possible sentences that could be imposed, including that such sentences could run consecutive to one another and that he could receive longer sentences due to his prior felony conviction, but made no promises with respect to sentencing. In imposing sentence, County Court determined that the last four counts of the indictment would

run concurrent to one another but consecutive to the first two counts and sentenced defendant to a total of 10 years in prison to be followed by three years of postrelease supervision. Despite defense counsel's request, County Court declined to direct that defendant participate in the Comprehensive Alcohol and Substance Abuse Treatment (hereinafter CASAT) program during his incarceration. Defendant appeals.

Defendant's sole contention is that the sentence is harsh and excessive and that he should have been directed to participate in the CASAT program. Based upon our review of the record, we disagree. Defendant exhibited a pattern of drug-related activity as is evidenced by the offenses charged in the indictment as well as his criminal record. In addition, no promises were made by County Court with respect to sentencing and defendant actually received a much lesser sentence than he could have if convicted after trial. Thus, we find no abuse of discretion nor any extraordinary circumstances warranting a reduction of the sentence in the interest of justice (*see People v McDonald*, 43 AD3d 1207 [2007], *lv denied* 10 NY3d 867 [2008]; *People v Reynoso*, 11 AD3d 719, 720 [2004]; *People v Davis*, 4 AD3d 567, 568 [2004], *lv denied* 2 NY3d 798 [2004]). Likewise, County Court did not abuse its discretion in failing to direct defendant's participation in the CASAT program (*see* Penal Law § 60.04 [6]).

Peters, J.P., Spain, Rose, Stein and McCarthy, JJ., concur. Ordered that the judgment is affirmed.