■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DARRELL WALKER, Appellant. [943 NYS2d 911]—Appeal by the defendant from a judgment of the County Court, Westchester County (Zambelli, J.), rendered April 27, 2010, convicting him of criminal possession of a controlled substance in the third degree and criminal possession of a controlled substance in the fourth degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the testimony at the suppression hearing was not patently incredible or unworthy of belief (*see People v Rivera*, 27 AD3d 489, 490 [2006]). The hearing court properly found that the police had probable cause for the defendant's arrest (*see People v Jones*, 90 NY2d 835 [1997]; *People v McRay*, 51 NY2d 594, 601-602 [1980]; *People v Carter*, 198 AD2d 229 [1993]; *People v Jones*, 186 AD2d 681 [1992]). Accordingly, the hearing court properly denied that branch of the defendant's omnibus motion which was to suppress physical evidence recovered pursuant to a lawful search of the defendant (*see People v Hall*, 10 NY3d 303, 310 [2008], *cert denied* 555 US 938 [2008]; *People v Clayton*, 57 AD3d 557 [2008]; *People v Butler*, 27 AD3d 365 [2006]).

The trial court properly allowed the People to question the defendant about prior drug arrests after the defendant opened the door to that line of inquiry (*see People v Fardan*, 82 NY2d 638, 646 [1993]).

The sentence imposed was not excessive (*see* CPL 470.15 [2] [c]; [6] [b]; 470.20 [6]; *People v Thompson*, 60 NY2d 513, 519 [1983]; *People v Suitte*, 90 AD2d 80 [1982]). The sentencing court providently exercised its discretion in declining to direct that the defendant be enrolled in the Comprehensive Alcohol and Substance Abuse Treatment program (*see* Penal Law § 60.04 [6]; *People v Herring*, 74 AD3d 1579 [2010]). Mastro, A.P.J., Florio, Chambers and Roman, JJ., concur.