Appeal by the defendant from a judgment of the County Court, Westchester County (Zambelli, J.), rendered April 27, 2010, convicting him of criminal possession of a controlled substance in the third degree and criminal possession of a controlled substance in the fourth degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant’s omnibus motion which was to suppress physical evidence.
*1241 Ordered that the judgment is affirmed.
Contrary to the defendant’s contention, the testimony at the suppression hearing was not patently incredible or unworthy of belief (see People v Rivera, 27 AD3d 489, 490 [2006]). The hearing court properly found that the police had probable cause for the defendant’s arrest (see People v Jones, 90 NY2d 835 [1997]; People v McRay, 51 NY2d 594, 601-602 [1980]; People v Carter, 198 AD2d 229 [1993]; People v Jones, 186 AD2d 681 [1992]). Accordingly, the hearing court properly denied that branch of the defendant’s omnibus motion which was to suppress physical evidence recovered pursuant to a lawful search of the defendant (see People v Hall, 10 NY3d 303, 310 [2008], cert denied 555 US 938 [2008]; People v Clayton, 57 AD3d 557 [2008]; People v Butler, 27 AD3d 365 [2006]).
The trial court properly allowed the People to question the defendant about prior drug arrests after the defendant opened the door to that line of inquiry (see People v Fardan, 82 NY2d 638, 646 [1993]).
The sentence imposed was not excessive (see CPL 470.15 [2] [c]; [6] [b]; 470.20 [6]; People v Thompson, 60 NY2d 513, 519 [1983]; People v Suitte, 90 AD2d 80 [1982]). The sentencing court providently exercised its discretion in declining to direct that the defendant be enrolled in the Comprehensive Alcohol and Substance Abuse Treatment program (see Penal Law § 60.04 [6]; People v Herring, 74 AD 3d 1579 [2010]). Mastro, A.P.J., Florio, Chambers and Roman, JJ., concur.