## Supreme Court, Appellate Division
## Third Judicial Department

Decided and Entered:  December 10, 2015                    106686
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                        Respondent,
        v                                    MEMORANDUM AND ORDER

JAMAR K. RICHEY,
                        Appellant.
_____

Calendar Date:   October 14, 2015

Before:  Lahtinen, J.P., McCarthy, Lynch and Devine, JJ.

                        _____


        Susan Patnode, Rural Law Center of New York, Albany
(Cynthia Feathers of counsel), for appellant.

        Derek P. Champagne, Special Prosecutor, Malone (Jennifer M.
Hollis of counsel), for respondent.

                        _____


McCarthy, J.

        Appeal from a judgment of the County Court of St. Lawrence
County (Richards, J.), rendered February 10, 2014, convicting
defendant upon his plea of guilty of the crime of criminal
possession of a controlled substance in the third degree.

        Defendant pleaded guilty to one count of criminal
possession of a controlled substance in the third degree and
executed a waiver of appeal.  County Court sentenced defendant,
as a second felony offender, to a five-year prison term, followed
by three years of postrelease supervision, and recommended that
defendant be considered for any substance abuse programs that the
Department of Corrections and Community Supervision deemed him
eligible for.  After the court imposed defendant's sentence,

defendant's counsel stated that the court was empowered to order that defendant participate in a Comprehensive Alcohol and Substance Abuse Treatment (hereinafter CASAT) program – a statement that the court construed as a motion for such an order. The court denied the motion. Defendant appeals.

Initially, the record establishes that defendant's waiver of his right to appeal was knowing, voluntary and intelligent. County Court confirmed that defendant understood that his right to appeal was separate and distinct from those rights automatically forfeited upon a guilty plea and confirmed that defendant understood that certain appeal rights, which the court enumerated, would not be foreclosed by an appeal waiver. Defendant explicitly waived his appeal rights, without qualification, during the same colloquy. Accordingly, defendant's waiver was valid, and that waiver forecloses our review of discretionary sentencing determinations (see People v Lyman, 119 AD3d 968, 969 [2014]; People v Wolz, 112 AD3d 1150, 1152 [2013], lv denied, 23 NY3d 1026 [2014]).

In any event, defendant's challenge to the CASAT determination is without merit. Although County Court was initially unaware of its power to order defendant's participation in CASAT, defendant apprised the court of its statutory authority to do so (see Penal Law § 60.04 [6]). Defendant's contention that the court nonetheless denied defendant CASAT participation due to a mistaken belief that it did not have the power to make such an order is without specific support in the record and is therefore speculative. In addition, the court did not abuse its discretion in declining to order defendant's participation in the CASAT program (see People v Walker, 95 AD3d 1240, 1241 [2012], lv denied 19 NY3d 1002 [2012]; People v Herring, 74 AD3d 1579, 1580 [2010]).

Lahtinen, J.P., Lynch and Devine, JJ., concur.

ORDERED that the judgment is affirmed.


ENTER:

Robert D. Mayberger
Clerk of the Court