People v Johnson (2021 NY Slip Op 04763)





People v Johnson


2021 NY Slip Op 04763


Decided on August 25, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 25, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
ROBERT J. MILLER
VALERIE BRATHWAITE NELSON
PAUL WOOTEN, JJ.


2020-00566
 (Ind. No. 129/18)

[*1]The People of the State of New York, respondent,
v
Oba Johnson, appellant.


Eric Shapiro Renfroe, Forest Hills, NY, for appellant.
William V. Grady, District Attorney, Poughkeepsie, NY (Kirsten A. Rappleyea of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Dutchess County (Peter M. Forman, J.), rendered December 16, 2019, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is reversed, on the law, and a new trial is ordered.
The defendant's contention that the People failed to present legally sufficient evidence to support his conviction is unpreserved for appellate review (see People v Hawkins, 11 NY3d 484, 492). In any event, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt of murder in the second degree beyond a reasonable doubt (see People v Danielson, 9 NY3d 342, 349). Contrary to the defendant's contention, the evidence was sufficient to establish that he was not merely present at the scene, but intentionally aided his companion in the commission of the murder (see People v Sanchez, 160 AD3d 903; People v Williams, 114 AD2d 385, 386).
The defendant further contends, in effect, that his acquittal on some counts of the indictment rendered the verdict of guilty on the remaining count against the weight of the evidence. However, the defendant's acquittal on some counts of the indictment does not undermine the weight of the evidence supporting the jury's verdict convicting him of the remaining count (see People v Rayam, 94 NY2d 557, 563; People v Palmer, 169 AD3d 933, 933; People v Kypri, 149 AD3d 980, 980). An intermediate appellate court conducting a weight of the evidence review of a mixed jury verdict may take into account "the possibility that the jury has not necessarily acted irrationally, but instead has exercised mercy" (People v Rayam, 94 NY2d at 561 [internal quotation marks omitted]; see People v Choi, 137 AD3d 808, 809), and is not required "to assume the basis for any implied inconsistencies" in such mixed verdicts (People v Rayam, 94 NY2d at 563; see People v Choi, 137 AD3d at 809). Upon fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d at 348), we are satisfied that the verdict of guilt as to the remaining count, murder in the second degree, was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
The County Court meaningfully responded to a jury note requesting the elements of [*2]conspiracy in the second degree. The court gave the jury the guidance it requested, and contrary to the defendant's contention, the court's inclusion of an instruction on accessorial liability was appropriate under the circumstances (see People v Ekwegbalu, 131 AD3d 982, 985; People v Crosby, 33 AD3d 719, 720).
Contrary to the defendant's contention, the verdict finding him guilty of murder in the second degree, while acquitting him of conspiracy in the second degree and two counts of criminal possession of a weapon in the second degree, was not legally repugnant. "'[A] verdict is repugnant only if it is legally impossible—under all conceivable circumstances—for the jury to have convicted the defendant on one count but not the other'" (People v Johnson, 159 AD3d 833, 834, quoting People v Muhammad, 17 NY3d 532, 539-540; see People v DeLee, 24 NY3d 603, 608). "In determining whether a verdict is legally repugnant, the court reviews 'the elements of the offenses as charged to the jury without regard to the proof that was actually presented at trial'" (People v Johnson, 159 AD3d at 834, quoting People v Muhammad, 17 NY3d at 542; see People v Tucker, 55 NY2d 1, 4). "'If there is a possible theory under which a split verdict could be legally permissible, it cannot be repugnant, regardless of whether that theory has evidentiary support in a particular case'" (People v Johnson, 159 AD3d at 834, quoting People v Muhammad, 17 NY3d at 540; see People v DeLee, 24 NY3d at 608). Here, viewing the elements of the offenses as charged to the jury, the acquittal on the count of conspiracy in the second degree did not negate any of the elements of the count of murder in the second degree (see People v Kronberg, 277 AD2d 182, 182; People v Lurcock, 219 AD2d 797, 797). Similarly, the acquittal on the counts of criminal possession of a weapon in the second degree did not negate any of the elements of the count of murder in the second degree (see People v Francois, 85 AD3d 813, 814; People v Mabry, 288 AD2d 326).
The defendant's contention that a police detective who was not a witness to the crime in question was improperly permitted to testify that he believed an individual depicted in certain surveillance videos was the defendant is without merit. The police detective testified at a Wade hearing (see United States v Wade, 388 US 218) that he knew the defendant from his patrols of the defendant's neighborhood over the course of many years (see People v Trowell, 172 AD3d 1112, 1113; People v Ray, 100 AD3d 933, 933), and the police detective's opinion testimony further served to aid the jury in making an independent assessment of whether the person depicted in the videos was the defendant (see People v Pinkston, 169 AD3d 520, 521).
The defendant's rights were not violated when the County Court permitted a witness to make a first-time, in-court identification during trial. In cases where there has been no pretrial identification procedure or the witness is unable to render a positive identification of the defendant, and the defendant is identified in court for the first time, "'the defendant is not deprived of a fair trial because the defense counsel is able to explore weaknesses and suggestiveness of the identification in front of the jury'" (People v Morales, 176 AD3d 1235, quoting People v Medina, 208 AD2d 771, 772). Here, the witness's testimony was subject to extensive cross-examination, including the basis for the in-court identification.
The County Court committed error, however, when it denied the defendant's request to introduce the grand jury testimony of a witness who had since become unavailable to testify at trial. "[A] defendant's constitutional right to due process requires the admission of hearsay evidence consisting of Grand Jury testimony when the declarant has become unavailable to testify at trial, and the hearsay testimony is material, exculpatory, and has sufficient indicia of reliability" (People v James, 242 AD2d 389, 389; see People v Robinson, 89 NY2d 648, 654; People v Watson, 14 AD3d 721). Here, the proffered grand jury testimony was both material and exculpatory since it consisted of eyewitness testimony that, while positively identifying the codefendant as one of the shooters at the scene of the crime, provided a description of the second shooter that was inconsistent with a description of the defendant. Moreover, a review of the grand jury testimony reveals that the prosecutor had a full and fair opportunity to examine the witness, thus satisfying the "indicia of reliability" prong of the test (People v Stultz, 2 NY3d 277, 286; see People v James, 242 AD2d at 389), and it was uncontested at trial that the witness was unavailable. Contrary to the People's contention, the error was not harmless beyond a reasonable doubt (see People v Robinson, 89 NY2d at 657; People v Crimmins, 36 NY2d 230, 237). Accordingly, we reverse the judgment and order [*3]a new trial.
The defendant's remaining contention need not be reached in light of this determination.
CHAMBERS, J.P., MILLER, BRATHWAITE NELSON and WOOTEN, JJ., concur.
ENTER:
Maria T. Fasulo
Acting Clerk of the Court