■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NATHANIEL McCLEAN, Appellant.—Casey, J. Appeal from a judgment of the County Court of Albany County (Clyne, J.), rendered February 15, 1983, upon a verdict convicting defendant of the crime of robbery in the first degree.

Defendant was convicted of robbery in the first degree and sentenced to a prison term of 12½ to 25 years. The crime was perpetrated by defendant and two accomplices, Ricky Cuff and Jacob Whitbeck, at about 2:00 P.M. on November 1, 1979 at King's Variety Store in the City of Albany. By prearrangement, Cuff, who knew a counter girl at King's, entered the store first and ordered a slice of pizza. Defendant, who had attempted to disguise himself by wearing a floppy hat and sunglasses and by stuffing cotton and toilet paper in his cheeks, entered a short time later, armed with a pistol, and struck the counter girl on the head, causing a wound that later required four stitches to close. Defendant obtained about $120 which the counter girl threw on the counter. Whitbeck remained outside in the truck that brought the trio there.

After the robbery, defendant ran out of the store, but Cuff remained until the police arrived. At that time, Cuff gave a false description of defendant and did not admit to them that he or Whitbeck was involved. When Cuff left the store after talking to the police, he received $10 from Whitbeck, which he knew came from the robbery. After going with the counter girl to the police station to look at photographs of possible suspects, Cuff stated that defendant's photo did not appear among the suspects whose photos he was first shown. Again, Cuff did not tell the police that defendant was the robber or that he himself was in any way involved in the crime.

On November 5, 1979, Cuff returned to police headquarters and on this occasion the array of photos that he viewed contained defendant's picture. After first passing over it, Cuff

later identified defendant as the robber. Whitbeck was also at police headquarters on November 5, 1979. He, too, was first shown photographs of suspects that did not contain a picture of defendant. Later, when Whitbeck viewed other photos, he also picked out defendant's picture and identified defendant as the robber.

At that time both accomplices gave the police written statements in which they implicated themselves, identified defendant as the robber of King's and stated that he was carrying a flat pistol at the time. Subsequently, both accomplices were indicted and both were permitted to plead guilty to attempted robbery in the second degree, for which each received a prison sentence of 1 to 3 years. Both had served 17 months in prison and were on parole when they were called as witnesses by the prosecution at defendant's trial.

Consistent with the written statements that they gave to the police, the direct trial testimony of each accomplice described the extent of his own participation in the crime, the acts and identification of defendant and the fact that he was carrying a flat pistol at the time. On cross-examination, the testimony of each accomplice was attacked as a recent fabrication, presumably in exchange for the plea bargain that each had received. Cross-examination also elicited the inconsistency of the failure of the accomplices to identify defendant or to describe their own participation when they were first interviewed at the scene and initially at police headquarters.

Subsequent to the accomplices' testimony, but still as part of its direct case, the prosecution called Police Officers Charles Mulrooney and Jay Cunningham and, through them, offered into evidence the written statements taken from each accomplice on November 5, 1979 at police headquarters. Over the objection of defense counsel, the trial court received each of the statements into evidence pursuant to the recent fabrication exception to the hearsay rule. The receipt of these statements into evidence is the principal ground urged by defendant for reversal of his conviction on this appeal.

In our opinion, the introduction of the prior consistent written statements of the accomplices here constitutes reversible error. The recent fabrication exception to the hearsay rule is not triggered by every inconsistency developed on cross-examination. Recent fabrication means "that the defense is charging the witness not with mistake or confusion, but with making up a false story well after the event" *(People v Singer,* 300 NY 120, 124). " 'Recently fabricated' means the

same thing as fabricated to meet the exigencies of the case" *(id.)*. "It is now firmly settled in this State that an impeached witness cannot be rehabilitated by his antecedent consistent statements unless the cross-examiner has created the inference of, or directly characterized the testimony as, a recent fabrication * * * In such instances only, prior consistent statements made at a time when there was no motive to falsify are admissible to repeal the implication or charge (citations omitted) *(People v Davis,* 44 NY2d 269, 277; *accord, People v Singer, supra)*. The attempt by defense counsel here to show on cross-examination that the trial testimony of Cuff and Whitbeck implicating defendant was influenced by the plea bargain that each had received may properly be considered as an attempt to characterize their trial testimony as a recent fabrication. This being so, the circumstances surrounding the taking of the consistent statements of each accomplice must also be examined to determine if those prior consistent statements were given to police when there was no motive on the accomplices' part to fabricate or falsify. Here, the accomplices did not initially implicate defendant or themselves to the police, but pretended to be merely bystanders who did not know or recognize defendant. The written statements of each, consistent with their direct trial testimony, were given four days after the crime at a time when both accomplices were being questioned as suspects in police custody. The consistent statements here were clearly given after the motive to fabricate had arisen and not before, as required to permit their introduction *(see, People v Katz,* 209 NY 311, 337-343; *People v Simon,* 96 AD2d 1086). Having failed to qualify as an exception to the hearsay rule, the introduction of the prior statements over defense counsel's timely objection was reversible error.

In view of our decision to reverse defendant's conviction and order a new trial, we add that we have examined defendant's other claims of error in the trial court's evidentiary rulings and find them to be without merit. The gun used in the holdup was voluntarily delivered to the police by a boyfriend of defendant's sister. That boyfriend, the sister, defendant, his mother and another sister all occupied the apartment where the gun was found after the holdup. The gun had been placed in a closet in the sister's room which she shared with her boyfriend. Defendant had no reasonable expectation of privacy in that bedroom *(see, People v Ponder,* 54 NY2d 160, 166; *People v Cosme,* 48 NY2d 286, 291), and the trial court properly denied defendant's motion to suppress the gun. Fur-

thermore, the foundation testimony offered by the accomplice Cuff and the boyfriend was sufficient to permit introduction of the gun into evidence as the weapon used in the robbery.

Judgment reversed, on the law, and matter remitted to the County Court of Albany County for a new trial. Mahoney, P. J., Casey and Levine, JJ., concur.

Kane, J., dissents and votes to affirm in a memorandum. Kane, J. (dissenting). I am not persuaded that the admission into evidence of the accomplice witnesses' prior written statements was error. These statements were made to the police four days after the robbery in question, after the police had indicated that each had implicated the other in the robbery. It was at this point that both Cuff and Whitbeck identified defendant as the perpetrator of the robbery and as the assailant of the counter girl at King's Variety Store. They also provided the police with a detailed description of their part in the robbery. Formal arrest occurred after execution of the statements and prior to any discussion of preferred treatment in exchange for cooperation with the police. Plea negotiations were mentioned only after the appearance of counsel on their behalf upon their arraignment in Police Court.

Thus, it seems to me that at the time the questioned statements were given, it is more reasonable to conclude that both Cuff and Whitbeck were motivated to tell the truth as to their participation in the criminal activity, rather than to fabricate "to meet the exigencies of the case" *(People v Singer,* 300 NY 120, 124) and adhere to the conflicting version of noninvolvement previously given to the police on the date of the robbery. In other words, when they realized that they were "caught", they manifested the normal human reaction to lay bare their part in the crime. Moreover, this admission of being criminally implicated gives reasonable assurance of the veracity of the statement *(see, People v Brown,* 26 NY2d 88, 92).

It is particularly noteworthy that the contents of Cuff's statement were fully corroborated by other evidence in the case, which, as evidenced by the verdict, was accepted by the jury. Therefore, I fail to see what motive of self-interest prevailed to induce either witness to falsify when due consideration is given to the circumstances existing at the time either statement was given. The mere fact that, at the time the statements were made, Cuff and Whitbeck were in police custody and confronted with evidence of their involvement in the criminal activity does not, per se, provide a motive to

falsify, particularly when the statement made is inculpatory in nature *(see, People v Baker,* 23 NY2d 307, 322, 323). We are not concerned here with proof of any fact contained in these statements, since the statements were introduced merely to corroborate or support the credibility of the witnesses whose testimony was attacked as a recent fabrication *(see, People v Katz,* 209 NY 311, 339, 340). There is no prejudice to defendant. Counsel for defendant was in possession of all statements made prior to trial, including the earlier exculpatory statement made by Cuff, which was admitted into evidence as a defendant's exhibit.

Therefore, it is my view that, as to the statements in question, the requirements of the "recent fabrication rule" have been met and their admission into evidence was proper with the weight of that evidence left to the good judgment of the jury *(see, People v Dobranski,* 89 AD2d 250). Accordingly, for the reasons stated and the otherwise overwhelming evidence of guilt of defendant, I would affirm the judgment of conviction.