OPINION OF THE COURT
 

 Smith, J.
 

 The primary issue in this case is whether a defendant’s constitutional right to due process requires the admission of hearsay evidence consisting of Grand Jury testimony when the declarant has become unavailable to testify at trial. Under the circumstances of this case, where the hearsay testimony is material, exculpatory and has sufficient indicia of reliability, we hold that the trial court’s failure to admit such evidence was reversible error.
 

 Defendant’s conviction stems from an incident which occurred on December 12, 1992 in an apartment in Rochester, New York. After an evening of dancing and drinks, defendant, his then fiancé, and the complainant went to the apartment where defendant and his fiancé lived together. Some time that evening, defendant allegedly had sex with the complainant without her consent while his fiancé was in the apartment. At trial, defendant claimed that the sex was consensual and occurred in his fiancé’s presence. The complainant disputed this account and testified that she continually screamed and fought against defendant’s efforts at intercourse. She also alleged that the defendant’s fiancé was absent from the room where the attack occurred and failed to respond to her cries for help. The trial testimony of the defendant and the complainant was consistent with their testimony before the Monroe County Grand Jury.
 

 Defendant’s fiancé, in her testimony before the Grand Jury, corroborated defendant’s version of the evening’s events. She testified that all three were together in the same room, in varying states of undress, while her fiancé attempted to have sex with the complainant. She also testified that the complainant made no objection, "[Complainant] didn’t say no or stop. Otherwise if she had, you know, if he didn’t, I would have beat him up. He has a stick that he keeps in his room in
 
 *651
 
 case somebody breaks in and it sits right there. I’m not afraid of using it on anybody including him.” After hearing testimony from all three parties, the Grand Jury indicted defendant for sexual abuse in the first degree and sexual misconduct. The Grand Jury failed to indict defendant for rape in the first degree, the remaining charge submitted by the prosecution.
 

 Defendant waived his right to a jury trial and was tried before the Bench. Prior to trial, defendant and his fiancé were married and defendant specified that his new wife would be a witness for him at trial. However, she left the jurisdiction before trial and refused to return to New York in defiance of an order that defendant secured pursuant to CPL 640.10. Thereafter, defendant made a motion for the admission of his estranged wife’s Grand Jury testimony on the grounds that the testimony was material and that she was an unavailable witness despite his due diligence in attempting to return her to New York to testify. The People opposed defendant’s motion. The Monroe County Court Judge determined that although defendant had made a good-faith effort to secure the witness, defendant had failed to establish that the subject Grand Jury testimony was sufficiently reliable to qualify as an exception to the usual proscription against the admission of hearsay.
 

 The Appellate Division reversed the conviction and ordered a new trial as to count two of the indictment and otherwise dismissed the indictment without prejudice to the People to represent any appropriate charges under count one of the indictment. It affirmed the lower court’s conclusion that the defendant had made a good-faith effort to secure his witness. However, the appellate court reversed the lower court’s determination that the defendant had failed to establish that the Grand Jury testimony was sufficiently reliable to merit its admission at trial. A Judge of this Court granted leave to appeal the determination of the Appellate Division and we now affirm.
 

 On this appeal, the People argue that the Grand Jury testimony must be excluded because it is not authorized by CPL 670.10, because it does not bear sufficient indicia of reliability or fall within any of the hearsay exceptions and because there has been no violation of due process. Defendant argues that he has a due process right to the introduction of the Grand Jury testimony and that it has been shown to be sufficiently reliable for admission.
 

 Turning to the People’s first argument, CPL 670.10 authorizes the admission of testimony given previously at a trial,
 
 *652
 
 hearing on a felony complaint pursuant to CPL 180.60 or at a conditional examination conducted pursuant to CPL article 660 where "the witness is unable to attend [trial] by reason of death, illness or incapacity, or cannot with due diligence be found, or is outside the state or in federal custody and cannot with due diligence be brought before the court” (CPL 670.10 [1]).
 

 CPL 670.10 lists only three proceedings for which former testimony may be admissible at trial. We have previously held that Grand Jury proceedings are not encompassed within the statute
 
 (see, People v Green,
 
 78 NY2d 1029;
 
 People v Gonzalez,
 
 54 NY2d 729;
 
 cf., People v Ayala,
 
 75 NY2d 422 [testimony at
 
 Wade
 
 hearing did not fall within CPL 670.10];
 
 People v Harding,
 
 37 NY2d 130 [testimony at prior civil administrative hearing did not fall under CPL 670.10]). This Court in
 
 People v Harding
 
 (37 NY2d 130, supra) found that the statute was "exclusive” for the "three carefully worded and enumerated exceptions” provided therein
 
 (id.,
 
 at 133-134;
 
 see also, People v Ayala,
 
 75 NY2d, at 429 ["this court has already rejected the argument that the statutory terms and their fair import are not exclusive”]).
 

 Nevertheless, we have held that certain considerations may support the admission of former testimony that falls beyond the reach of the statute. For example, this Court has sanctioned the admissibility of Grand Jury testimony at a later trial upon proof that the defendant, through violence, threats or chicanery, had caused the disappearance of the witness who gave the prior testimony
 
 (People v Geraci,
 
 85 NY2d 359, 365-366). That determination rested upon "the public policy of reducing the incentive to tamper with witnesses”
 
 (id.,
 
 at 368).
 

 Defendant seeks to admit the Grand Jury testimony of another based upon his constitutional right to due process. In
 
 People v Gonzalez
 
 (54 NY2d 729,
 
 supra),
 
 this Court expressly left open the unpreserved objection that the defendant there "had a due process right to introduce” Grand Jury testimony
 
 (id.,
 
 at 730 [citing
 
 Chambers v Mississippi,
 
 410 US 284]). The same constitutional arguments regarding the accused’s right to present evidence, weighed against the limited statutory exceptions for the admission of former testimony, are squarely presented here.
 

 "Few rights are more fundamental than that of an accused to present witnesses in his own defense”
 
 (Chambers v Missis
 
 
 *653
 

 sippi,
 
 410 US 284, 302,
 
 supra).
 

 [1]
 

 As stated by the Supreme Court in
 
 Washington v Texas
 
 (388 US 14):
 

 "The right to offer the testimony of witnesses, and to compel their attendance, if necessary, is in plain terms the right to present a defense, the right to present the defendant’s version of the facts as well as the prosecution’s to the jury so it may decide where the truth lies. Just as an accused has the right to confront the prosecution’s witnesses for the purpose of challenging their testimony, he has the right to present his own witnesses to establish a defense. This right is a fundamental element of due process of law”
 
 (Washington v Texas,
 
 388 US 14, 19,
 
 supra; see also, Chambers v Mississippi,
 
 410 US 284, 294,
 
 supra
 
 ["The rights to confront and cross-examine witnesses and to call witnesses in one’s own behalf have long been recognized as essential to due process”]).
 

 This constitutional right is limited in the Grand Jury context. In fact, "[b]ecause Grand Jury proceedings are conducted by the prosecutor alone, this function confers upon the prosecutor broad powers and duties, as well as wide discretion in presenting the People’s case. * * * In addition to providing legal instruction to the Grand Jury, the District Attorney determines what evidence to present to that body and what evidence should be excluded”
 
 (People v Huston,
 
 88 NY2d 400, 406;
 
 see also, People v Lancaster,
 
 69 NY2d 20, 25,
 
 cert denied
 
 480 US 922). The People also have an opportunity to cross-examine a testifying defendant or any witness called by the Grand Jury at the defendant’s request. Furthermore, we have noted that in presenting a case to the Grand Jury, the People
 

 "are not obligated to search for evidence favorable to the defense or to present all evidence in their possession that is favorable to the accused * * * even though such information undeniably would allow the Grand Jury to make a more informed de
 
 *654
 
 termination. In the ordinary case, it is the defendant who, through the exercise of his own right to testify and have others called to testify on his behalf before the Grand Jury * * *, brings exculpatory evidence to the attention of the Grand Jury”
 
 (People v Lancaster,
 
 69 NY2d, at 25-26).
 

 Where the defendant seeks to admit Grand Jury testimony against the People, the party who conducted the original Grand Jury examination, considerations of constitutional dimension are raised notwithstanding the narrow confines of GPL 670.10. We conclude that, under the facts presented here, Grand Jury testimony adduced by the prosecution may be admitted at trial as an exception to the general prohibition against hearsay because the testimony meets certain standards for admissibility.
 

 As stated in
 
 Rosario v Kuhlman
 
 (839 F2d 918), "A defendant has the constitutional right to introduce a secondary form of evidence such as prior testimony when two circumstances are present: first, the evidence bears sufficient indicia of reliability * * * and second, the witness who gave the original testimony is no longer available”
 
 (id.,
 
 at 924 [citations omitted]). Moreover, the proffered testimony may not be extrinsic evidence on a collateral matter, but must be material to be admissible under the limited exception recognized here.
 

 There is little dispute that the evidence at issue is material. As the only other person with any firsthand knowledge of the alleged events of that night, it is clear that defendant’s then fiancé was in a position to offer testimony that would have been not only "relevant and material” but also "vital to the defense”
 
 (Washington v
 
 Texas, 388 US 14, 16,
 
 supra).
 
 The Appellate Division recognized that the proffered Grand Jury testimony concerned the "central issue” in the case (224 AD2d 1001) and the Trial Judge expressly noted that "I don’t think there is any real disagreement that the testimony is material.” Moreover, the record supports the conclusion of both lower courts relating to the unavailability of the declarant despite defendant’s due diligence.
 

 The remaining question concerns the reliability of the proffered hearsay testimony. We have noted that the absence of cross-examination "tend[s] to impair” the reliability of Grand Jury testimony
 
 (People v Geraci, 85
 
 NY2d 359, 368,
 
 *655
 

 supra).
 

 [2]
 

 However, our discussion of the "especially troubling” issue of the admissibility of Grand Jury testimony in
 
 People v Geraci
 
 (85 NY2d 359,
 
 supra)
 
 was precipitated by the fact that the subject hearsay evidence was proffered by the prosecution against the defendant who had no right of cross-examination before the Grand Jury
 
 (id.,
 
 at 368). We are not persuaded that our inquiry into the "indicia of reliability” of former testimony must hinge upon the mere fact that the subject testimony was originally adduced upon direct examination. This single factor does not indicate that Grand Jury testimony is inherently unreliable when proffered against the prosecution.
 

 Often, the issue of reliability is resolved when it is determined that the party against whom hearsay testimony is offered has had a full and fair opportunity to cross-examine the witness. Indeed, when parties have sought to admit former testimony under CPL 670.10, we have held that it is the full and fair opportunity for cross-examination rather than any measure of the fullness of cross-examination that serves as a baseline indicator for reliability
 
 (see, People v Arroyo,
 
 54 NY2d 567, 574 ["it was only a fair opportunity to (cross-examine) which had to have been provided when the former testimony was given”],
 
 cert denied
 
 456 US 979;
 
 Rosario v Kuhlman,
 
 839 F2d 918, 924,
 
 supra
 
 ["Prior testimony where the same party has had a full and fair opportunity to cross-examine the witness is a reliable form of such evidence”]).
 

 We remain cognizant of the intrinsic differences between the function of Grand Jury questioning and the purpose of cross-examination in an adversarial setting. As noted by the Trial Judge here, "[T]he Grand Jury proceeding, by its nature, is not designed and not actually in place to be a full, direct examination of witnesses that are called to testify.” It is upon such considerations that we decline to base any determination of reliability of Grand Jury testimony upon a mere opportunity to examine a witness. Nevertheless, here, defendant has shown that the prosecutor satisfied the essential purpose of cross-
 
 *656
 
 examination through his direct case
 
 (see, Ohio v Roberts,
 
 448 US 56, 71 [Supreme Court noted that the purpose of cross-examination was "to challenge 'whether the declarant was sincerely telling what he believed to be the truth, whether the declarant accurately perceived and remembered the matter he related, and whether the declarant’s intended meaning is adequately conveyed by the language he employed’ ”] [citation omitted]).
 

 The prosecutor explored the long-standing relationship between the witness and the complainant which the complainant corroborated. Similarly, the prosecutor questioned the witness about her relationship with the defendant which revealed any biases which might have affected her credibility. Indeed, some of the testimony adduced by the prosecutor was decidedly unfavorable to defendant’s position. For example, the prosecutor inquired about a letter that the witness had received from the defendant which encouraged her to "break [the complainant] down without getting the D.A. to accuse you of any wrong doing.” The Grand Jury was instructed that the testimony relating to that letter was to be considered "strictly as far as that might affect the credibility or believability of the witness.”
 

 Other credibility related questions were asked of the witness concerning her flight from this State to North Carolina with the defendant when it became known that the complainant was going to press charges. The Grand Jury itself asked the witness pointed questions related to her sexual relationship with the defendant, the relative positioning of the persons involved, the precise acts performed, the state of undress of the complainant, the level of intoxication of each person and whether the incident was discussed or planned before it happened.
 

 In this case, the prosecution exercised its full and fair opportunity to examine the witness it chose to call. The fact that some of the testimony could be viewed as unfavorable to the defendant is further indication of its reliability. Moreover, the specific, leading and probing questioning was sufficient to reveal any relevant, credibility influencing biases. As was the case in
 
 Ohio v Roberts
 
 (448 US 56,
 
 supra),
 
 the prosecutor’s
 
 *657
 
 "questioning clearly partook of cross-examination as a matter of form”
 
 {id.,
 
 at 70 [emphasis in original]).
 
 [3]
 

 We note that it is only necessary to examine the "indicia of reliability” to ensure a level of trustworthiness for admissibility (
 
 Ohio v Roberts,
 
 448 US 56, 66,
 
 supra).
 

 [4]
 

 Resolution of the issue before us hinges upon reliability rather than credibility. Unless perjury is clear, which is not the case here, it is not for the court to determine that certain biases revealed by a witness would, as a matter of law, render testimony untrustworthy when it was adduced under circumstances which bear sufficient indicia of reliability
 
 (People v Settles,
 
 46 NY2d 154, 170 ["If the proponent of the statement is able to establish this possibility of trustworthiness, it is the function of the jury alone to determine whether the declaration is sufficient to create reasonable doubt of guilt”]). Credibility is for the trier of fact to determine.
 

 Here, the prosecutor’s direct examination accomplished the general goal of cross-examination, testing the accuracy of the declarant’s testimony. Thus, the Grand Jury testimony here contains sufficient indicia of reliability such that it was admissible upon defendant’s submission.
 

 On appeal, a reviewing court must determine whether the erroneous exclusion of the proffered evidence was harmless. Constitutional error is harmless "only if it is harmless beyond a reasonable doubt”
 
 (People v Eastman,
 
 85 NY2d 265, 276;
 
 cf., United States v Agurs,
 
 427 US 97, 112 ["if the omitted evidence creates a reasonable doubt that did not otherwise exist, constitutional error has been committed”]). We have previ
 
 *658
 
 ously noted the materiality of the subject testimony and, thus, the exclusion of this evidence constitutes reversible error.
 
 [5]
 
 6 The order of the Appellate Division should be affirmed.
 

 Chief Judge Kaye and Judges Titone, Bellacosa, Levine, Ciparick and Wesley concur.
 

 Order affirmed.
 

 [1]
 

 . Generally, the right to due process is guaranteed by the Federal and New York State Constitutions
 
 (see,
 
 US Const, 14th Amend, § 1; NY Const, art I, § 6). The Sixth Amendment of the United States Constitution, applicable to the States through the Fourteenth Amendment, expressly requires compulsory process for presenting witnesses in defendant’s favor in a criminal case
 
 (see also,
 
 Civil Rights Law § 12 which specifically requires compulsory process in New York State).
 

 [2]
 

 . Other features of the Grand Jury process tend to weigh against a finding of reliability. For example, the evidentiary standards are more "relaxed” in the Grand Jury setting
 
 (People v Geraci,
 
 85 NY2d 359, 368,
 
 supra).
 
 Moreover, Grand Juries are conducted "beyond public scrutiny”
 
 (People v Huston,
 
 88 NY2d 400, 401,
 
 supra).
 
 The exposure to public view makes witnesses accountable for their statements, thereby encouraging true and complete testimony (see,
 
 Waller v Georgia,
 
 467 US 39, 46). However, objections relating to secrecy and nonexistent evidentiary rulings are of little relevance when it is the defendant who seeks to use evidence adduced under such circumstances.
 

 [3]
 

 . For example, the prosecutor frequently used prefatory phrases such as "Isn’t it true that” and "Isn’t it a fact,” common tools of cross-examination, in his questioning. Here, as in
 
 Ohio v Roberts
 
 (448 US 56,
 
 supra),
 
 the prosecutor’s "presentation was replete with leading questions, the principal tool and hallmark of cross-examination”
 
 (id.,
 
 at 70-71).
 

 [4]
 

 . Under this inquiry, also relevant is that testimony given before Grand Juries, as in the case of other proceedings such as those enumerated in CPL 670.10, requires the declarant to be under oath. Grand Jury testimony is elicited under oath in surroundings likely to impress the witness with the solemnity of the proceedings, and the sanction of perjury looms for false statements. Such circumstances are an indicator of reliability
 
 (People v Arroyo,
 
 54 NY2d 567, 574,
 
 supra; Chambers v Mississippi,
 
 410 US 284, 298,
 
 supra).
 

 [5]
 

 . We note that the prosecution would be able to introduce "all or part of the rest” of any former testimony not included in defendant’s evidentiary submission
 
 (People v Arroyo,
 
 54 NY2d 567, 577,
 
 supra
 
 ["Avoidance of distortion and half-truth demands no less”]).