■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM RODRIGUEZ, Appellant. [670 NYS2d 765] —Judgment, Supreme Court, New York County (Daniel FitzGerald, J.), rendered February 10, 1995, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree, and sentencing him, as a second felony offender, to concurrent terms of 6 to 12 years, unanimously affirmed.

Defendant's challenges to the undercover officer's testimony explaining the difference between "buy and bust" operations and ongoing investigations have not been preserved for appellate review by timely and specific objection (see, People v Tevaha, 84 NY2d 879), and we decline to review them in the interest of justice. Were we to review, we would find that the testimony was properly admissible as background information and did not link defendant with an ongoing investigation (see, People v Ramos, 192 AD2d 324, lv denied 81 NY2d 1078).

Defendant's claim that his right to a public trial was violated by the court's placement of a court officer outside the doors of the courtroom with instructions to notify the court if anyone wished to enter is not preserved for appellate review (see, People v Perez, 245 AD2d 71). When the court, after a Hinton hearing, denied the People's application for closure and instead directed this screening procedure, defendant voiced no objection. We decline to review this claim in the interest of justice. Were we to review, we would find the alternative to closure employed by the court was proper in view of the undercover officer's legitimate safety concerns (supra).

We have considered defendant's remaining contentions and find them to be without merit. Concur—Sullivan, J. P., Milonas, Rubin and Tom, JJ.