■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RIVAS COLON, Appellant. [701 NYS2d 10] —Judgment, Supreme Court, New York County (Ira Beal, J.), rendered July 17, 1997, convicting defendant, after a jury trial, of murder in the second degree, criminal possession of a weapon in the second degree and criminal possession of a weapon in the third degree, and sentencing him, as a second felony offender, to concurrent terms of 20 years to life, 6 years, and 4 years, respectively, unanimously affirmed.

The verdict rejecting defendant's justification defense was not against the weight of the evidence. We see no reason to disturb the jury's determinations concerning credibility. The jury reasonably determined, based on the testimony of the prosecution witnesses, that the victim did not present an imminent threat of deadly physical force.

Contrary to defendant's argument, we conclude, upon review of the trial record as a whole, that the court's charge could not have misled the jury into concluding that defendant was the "initial aggressor" (Penal Law § 35.15 [1] [b]) on the basis of an incident that occurred three days before the homicide. Defendant's remaining contentions concerning the court's main and supplementary charges are unpreserved and we decline to review them in the interest of justice. Were we to review these claims, we would find that these instructions conveyed the proper standards and that the court meaningfully responded to the jury's note (*see, People v Almodovar*, 62 NY2d 126).

The court properly exercised its discretion in denying defendant's mistrial motion made when a detective improperly revealed that a photograph of defendant emanated from a prior arrest. The court eliminated any possible prejudice to defendant by delivering a curative instruction that directed the jury to disregard the reference to a prior arrest (*see, People v Santiago*, 52 NY2d 865). The fact that the photograph depicted a bruise was relevant, in context, to an issue raised at trial, and defendant's argument that the bruise suggested violent propensities is speculative.

We perceive no abuse of sentencing discretion. Concur— Ellerin, P. J., Tom, Rubin, Andrias and Buckley, JJ.