■ The People of the State of New York, Respondent, v Jonathan Melendez, Appellant. [704 NYS2d 213] —Judgment, Supreme Court, Bronx County (Alexander Hunter, J.), rendered May 1, 1996, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree, criminal possession of a controlled substance in the third degree and criminal possession of a controlled substance in the seventh degree, and sentencing him, as a second felony offender, to concurrent terms of 5 to 10 years, 5 to 10 years and 1 year, respectively, unanimously affirmed.

Defendant did not preserve his present challenges to the court's ruling made pursuant to *Batson v Kentucky* (476 US 79), and we decline to review them in the interest of justice. Were we to review these claims, we would find the ruling to be proper. A fair reading of the record as a whole establishes that the court correctly withdrew its preliminary finding of prima facie racial discrimination and declined to rule on the ultimate issue of intentional discrimination (*see*, *People v Ocasio*, 253 AD2d 720, *lv denied* 92 NY2d 1036). "[A]s clearly no third-step determination was required, none was in fact ever rendered" (*People v Durant*, 250 AD2d 698, 699). Even were we to read the court's observations concerning the adequacy of the prosecutor's explanation for the peremptory challenge at issue as a "preliminary, third-step finding that the prosecutor had used one of [his] strikes improperly", this "did not prohibit it from reconsidering its ruling upon a determination that no facts and circumstances sufficient to raise an inference of discrimination had been shown." (*Supra,* at 699.)

The court's partial closure of the courtroom during the testimony of the undercover officer, after considering a possible alternative and permitting the presence of defendant's wife, the only person defense counsel expected to enter the courtroom, was a proper exercise of discretion. Since the court's inquiry of the prosecutor, which produced specific geographical information as to the undercover officer's continuing operations, was sufficient to establish a basis for the closure, the court was not required to conduct an inquiry of the undercover officer herself (*compare*, *People v Tolentino*, 90 NY2d 867). Moreover, no such inquiry was requested (*see*, *People v Gross*, 179 AD2d 138, 140, *lv denied* 80 NY2d 832).

Since defendant's challenge to the court's *Allen* charge (*Allen*

*v United States*, 164 US 492) was on different grounds, his present claim that it obligated jurors favoring acquittal to articulate the bases for their doubts and thereby shifted the burden of proof (*see, People v Antommarchi*, 80 NY2d 247, 251-253) is unpreserved and we decline to review it in the interest of justice. We have considered and rejected defendant's remaining challenges to the court's *Allen* charge. Concur—Sullivan, P. J., Nardelli, Wallach, Lerner and Buckley, JJ.