■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES LEGRAND, Appellant. [715 NYS2d 180] —Judgment unanimously affirmed. Memorandum: Supreme Court properly denied defendant's request for a missing witness charge. Although defendant met his initial burden of establishing that the uncalled witness was knowledgeable about pending material issues and that such witness would be expected to provide testimony favorable to the People, the People demonstrated that the witness was not available (*see, People v Gonzalez,* 68 NY2d 424, 427-428; *see generally, People v Vigliotti,* 270 AD2d 904, 905).

Defendant contends that the prosecutor's summation shifted the burden of proof. The prosecutor's summation was properly based on the evidence and was in response to defense counsel's summation. Even assuming, arguendo, that an isolated com-

ment of the prosecutor shifted the burden of proof to defendant, we conclude that the trial court adequately instructed the jury that defendant was not required to prove anything and that the People's burden of proof never shifts (*see, People v Lopez*, 233 AD2d 886, *lv denied* 89 NY2d 925; *see also, People v Townsley*, 240 AD2d 955, 959, *lv denied* 90 NY2d 943, 1014). The sentence is neither unduly harsh nor severe. (Appeal from Judgment of Supreme Court, Erie County, Rossetti, J.—Assault, 3rd Degree.) Present—Pigott, Jr., P. J., Pine, Hurlbutt, Scudder and Kehoe, JJ.