■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THOMAS LUCAS, SR., Appellant. [736 NYS2d 332] —Judgment, Supreme Court, New York County (William Wetzel, J.), rendered January 4, 2000, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree (two counts), criminal possession of a weapon in the third degree, and criminal possession of a weapon in the fourth

degree (three counts), and sentencing him, as a second felony offender, to consecutive terms of 5 to 10 years, 5 to 10 years and four years, concurrent with three terms of one year, unanimously affirmed.

The motion court properly concluded that the warrantless arrest of defendant in his apartment was valid and denied suppression of drugs in plain view and other alleged fruits of the police entry. In this long-term investigation, the police had the vicinity of defendant's apartment under surveillance and were planning to arrest two of defendant's accomplices on the day in question. Although there was ample probable cause for defendant's arrest, the police had no intention of arresting him that day or of entering his apartment (compare, People v Levan, 62 NY2d 139). Immediately after the two accomplices consummated a drug transaction with an undercover officer, the police attempted, as planned, to make a lawful warrantless arrest of them but they frustrated that plan by retreating into defendant's apartment. This permitted the police to make a warrantless entry in pursuit (United States v Santana, 427 US 38; People v Glia, 226 AD2d 66, 72, appeal dismissed 91 NY2d 846). Moreover, the officers had reason to believe, based on their familiarity with the sellers' participation in prior drug sales, that a successful retreat into the apartment would have resulted in an attempt to remove or destroy evidence or perhaps to flee from another exit.

When the People requested closure of the courtroom during the undercover officer's testimony, the court proposed, instead, a screening procedure for prospective visitors, and defendant took no exception. Accordingly, his present claim that there was an insufficient foundation for the screening procedure is unpreserved (People v Rodriguez, 248 AD2d 181, lv denied 91 NY2d 1012), and we decline to review it in the interest of justice. Were we to review this claim, we would find that the prosecutor's representations were sufficient to establish a compelling reason for partial closure (People v Melendez, 269 AD2d 292, lv denied 95 NY2d 868).

The People likewise made a sufficient showing to permit the undercover officer to testify anonymously (see, People v Kearse, 215 AD2d 104, lv denied 86 NY2d 797), and defendant has not established that this ruling caused him any prejudice.

The court's Sandoval ruling was a proper exercise of discretion.

The record does not establish that defendant's sentence was based on any improper criteria and we perceive no basis for reduction of sentence. Concur—Nardelli, J.P., Mazzarelli, Saxe, Sullivan and Ellerin, JJ.