■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM HENRY RICHARDSON, Appellant. [747 NYS2d 364]

The court properly denied defendant's application made pursuant to *Batson v Kentucky* (476 US 79). The record supports the court's finding that defendant did not establish a prima facie case of discrimination (*see People v Jenkins*, 84 NY2d 1001; *People v Childress*, 81 NY2d 263, 267). The first-step

prima facie case issue is not moot because, based on a fair reading of the record of the voir dire, we find that although the prosecutor offered explanations for the challenges at issue, the court never "ruled on the ultimate question of intentional discrimination." (*Hernandez v New York*, 500 US 352, 359.) Almost immediately after finding that a prima facie case had been established, the court retracted that determination upon its realization that it had been premised on a factual mistake as to the prosecutor's exercise of challenges (*see People v Melendez*, 269 AD2d 292, *lv denied* 95 NY2d 868; *see also People v Ocasio*, 253 AD2d 720, *lv denied* 92 NY2d 1036).

Defendant's constitutional right to present a defense was not impaired by preclusion of a hearsay statement. The court correctly concluded that the hearsay statement did not possess sufficient indicia of reliability (*see People v Robinson*, 89 NY2d 648, 654-657).

The court properly exercised its discretion in admitting photographs of the murder victims at the crime scene, since this evidence was probative of material issues and was not unduly inflammatory (*see People v Pobliner*, 32 NY2d 356, 370, *cert denied* 416 US 905). Defendant's related challenge to certain summation remarks by the prosecutor is not preserved and we decline to review it in the interest of justice. Were we to review this claim, we would find that the comments at issue were proper responses to the defense summation.

The resentencing, at which the court clarified its original sentence by specifying that it was to run consecutively to an existing sentence, was not an improper alteration (*see* CPL 430.10). The court's original failure to specify whether its sentence was concurrent with or consecutive to the other sentence was inadvertent (*compare People v Adkinson*, 88 NY2d 561, 580-581, *with People v Minaya*, 54 NY2d 360, 364-365, *cert denied* 455 US 1024), because the court had no reason to believe that it was necessary to make such a specification. The court was unaware that, due to defendant's incarceration on a parole violation, the Department of Correctional Services deemed the prior sentence to be still in existence so that, unless consecutive sentencing were specified, defendant would receive 15 years of credit toward the instant sentences. The court accurately stated that it was merely clarifying the record to reflect that no such leniency was intended or warranted. Concur—Nardelli, J.P., Saxe, Ellerin, Rubin and Friedman, JJ.