■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LUIS RAMIREZ, Appellant. [750 NYS2d 77] —Judgment, Supreme Court, New York County (Joan Sudolnik, J., at hearing; John Stackhouse, J., at jury trial and sentence), rendered March 14, 2001, convicting defendant of criminal possession of a controlled substance in the first and second degrees, and sentencing him, as a second felony offender, to concurrent terms of 15 years to life and six years to life, respectively, unanimously affirmed.

Defendant's suppression motion was properly denied. The record supports the hearing court's determination that the police had a founded suspicion of criminal activity (*see People v De Bour*, 40 NY2d 210, 223) when, immediately after they approached a livery cab that was stopped at a taxi safety check point, defendant and another passenger suddenly appeared to be concealing or distancing themselves from a black nylon bag (*see People v Rodriguez*, 207 AD2d 669, *lv denied* 84 NY2d 939). This justified the officers' inquiry about the bag, which the People conceded, and the court expressly found (*see People v Chavis*, 91 NY2d 500, 506), to be a Level II, common-law inquiry (*see People v De Bour, supra*).

The trial court properly precluded defendant from eliciting hearsay evidence. This evidence was offered for its truth, and the only basis under which it was offered was defendant's assertion that it was exculpatory. Defendant has not established that this evidence was material, or that he could not elicit the same information by calling the declarant as a witness or introducing other competent evidence. Accordingly, we find no violation of defendant's right to present a defense (*see Chambers v Mississippi*, 410 US 284; *People v Robinson*, 89 NY2d 648). Concur—Nardelli, J.P., Andrias, Buckley, Sullivan and Friedman, JJ.