■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JUAN ROSA, Appellant. [754 NYS2d 279] —Judgment, Supreme Court, New York County (Patricia Williams, J.), rendered April 9, 1991, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree, criminal possession of a controlled substance in the third degree and criminal possession of a controlled substance in the fifth degree, and sentencing him, as a second felony offender, to an aggregate term of 4½ to 9 years, unanimously affirmed.

The court properly refused to permit defendant to introduce the suppression hearing testimony of a defense witness who had died between the hearing and the trial. Suppression hearing testimony is not one of the categories of prior testimony that may be received pursuant to CPL 670.10, and such testimony is therefore inadmissible as hearsay (*People v Ayala*, 75 NY2d 422, 428). The court properly rejected defendant's argument that he was nevertheless entitled to introduce this evidence under his constitutional right to present a defense. This hearsay evidence lacked sufficient indicia of reliability, particularly because the People did not have a full and fair opportunity at the suppression hearing to cross-examine the deceased defense witness on matters concerning the merits of

the drug sale and possession charges (*compare People v Robinson*, 89 NY2d 648, 654-657).

At the suppression hearing, the witness was called to testify concerning the circumstances of the police entry into an apartment. While a very limited portion of his testimony touched on defendant's guilt or innocence of the underlying charges, that testimony was completely peripheral to the suppression issue. As a result, the People had no reason to cross-examine the witness on this subject. Moreover, since the witness's testimony on the suppression issue was more helpful than harmful to the People's position, the People had little incentive to impeach his credibility at all.

Aside from lacking any indicia of reliability, the deceased witness's hearing testimony was not critical to defendant's defense. Accordingly, exclusion of this evidence did not deprive defendant of a fair trial (*see Chambers v Mississippi*, 410 US 284, 301). Concur—Mazzarelli, J.P., Andrias, Saxe, Buckley and Friedman, JJ.