THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DEMETRIUS COLEMAN, Appellant. [760 NYS2d 797] —Appeal from a judgment of Supreme Court, Onondaga County (Brunetti, J.), entered September 10, 2001, convicting defendant after a jury trial of, inter alia, attempted murder in the second degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him after a jury trial of attempted murder in the second degree (Penal Law §§ 110.00, 125.25 [1]), criminal use of a firearm in the first degree (§ 265.09), and criminal possession of a weapon in the second degree (§ 265.03 [2]), all arising out of a shooting. We conclude that Supreme Court properly denied the motion of defendant to suppress his statements to police. Great weight must be accorded to the determination of the suppression court because of its ability to observe and assess the credibility of the witnesses, and its findings should not be disturbed unless clearly erroneous or unsupported by the hearing evidence (*see People v Prochilo*, 41 NY2d 759, 761 [1977]; *People v Moore*, 295 AD2d 969 [2002], *lv denied* 98 NY2d 770 [2002]; *People v May*, 263 AD2d 215, 219 [2000], *lv denied* 94 NY2d 950 [2000]). Here, the testimony of the interrogating officers, whom the court credited, established that defendant knowingly, intelligently, and voluntarily waived his *Miranda* rights and agreed to speak without an attorney. Further, the officers' testimony established that defendant's confession was not coerced (*see People v Mitchell*, 289 AD2d 776, 778-779 [2001], *lv denied* 98 NY2d 653 [2002]; *People v Whorley*, 286 AD2d 858 [2001], *lv denied* 97 NY2d 689 [2001]; *cf. People v Anderson*, 42 NY2d 35, 38-41 [1977]). Defendant's testimony to the contrary merely raised an issue of credibility that the court was entitled to resolve in favor of the People (*see People v Acosta*, 241 AD2d 385, 386 [1997], *lv denied* 92 NY2d 846 [1998]).

The court properly denied defendant's request to admit the grand jury testimony of the victim, who did not testify at trial. Defendant failed to make the requisite showing that the victim's grand jury testimony bore sufficient indicia of reliability (*cf. People v Robinson,* 89 NY2d 648, 655-656 [1997]). In particular, there was no demonstration that the victim was subjected to vigorous examination before the grand jury or that his account was otherwise tested for credibility (*cf. id.* at 656-657; *see generally People v Rosa,* 302 AD2d 231 [2003]; *People v Richardson,* 297 AD2d 611, 612 [2002], *lv granted* 99 NY2d 563 [2002]). In any event, any error in the court's refusal to admit the grand jury testimony is harmless beyond a reasonable doubt (*see People v Crimmins,* 36 NY2d 230, 237 [1975]). Defendant was permitted to present the testimony of investigating officers to whom the victim had given his initial statements exculpating defendant. That testimony placed before the jury the same facts that would have been conveyed by the victim's grand jury testimony, thus rendering the grand jury testimony cumulative of other evidence.

The People demonstrated a sufficient connection between defendant, the shooting, and the gun to warrant the admission of the gun in evidence (*see People v McClean,* 122 AD2d 379, 381-382 [1986], *affd* 69 NY2d 426 [1987]; *People v Miller,* 116 AD2d 596 [1986], *lv denied* 67 NY2d 947 [1986]). The gun admitted in evidence was consistent with the witnesses' descriptions of that used by the shooter, and the number of spent shells recovered with it matched the number of shots fired in the assault. More important, the gun was located by police through the efforts of intermediaries enlisted by defendant.

The court did not err in denying defendant's request for a missing witness charge with respect to the victim and another witness. Defendant's request was untimely (*see generally People v Gonzalez,* 68 NY2d 424, 427-428 [1986]; *see People v McKinney,* 302 AD2d 993 [2003]; *People v Hayes,* 261 AD2d 872, 873 [1999], *lv denied* 93 NY2d 1019 [1999]). In any event, the record demonstrates that the victim was neither available to the People (*see People v Legrand,* 275 AD2d 932 [2000], *lv denied* 95 NY2d 906 [2000]; *People v Vigliotti,* 270 AD2d 904, 905 [2000], *lv denied* 95 NY2d 839 [2000]), nor under their control (*see id.; see also People v Johnson,* 289 AD2d 1024 [2001], *lv denied* 98 NY2d 638 [2002]; *People v Lovall,* 286 AD2d 863, 864 [2001], *lv denied* 97 NY2d 684 [2001]). Similarly, the record demonstrates that the other potential witness was not under the control of the People (*see Johnson,* 289 AD2d at 1024; *Lovall,* 286 AD2d at 864). In any event, the evidence of

defendant's guilt is overwhelming, and there is no significant probability that defendant otherwise would have been acquitted. Thus, any error by the court in failing to give a missing witness instruction is harmless (*see People v Guarino,* 298 AD2d 937, 938 [2002], *lv denied* 98 NY2d 768 [2002]; *People v Williams,* 286 AD2d 918, 919 [2001], *lv denied* 97 NY2d 763 [2002]).

We have considered the contentions raised in defendant's pro se supplemental brief and conclude that they are without merit. Present—Wisner, J.P., Scudder, Kehoe, Gorski and Hayes, JJ.