THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CATALINO ARCE, Appellant. [764 NYS2d 758] —Appeal from a

judgment of Niagara County Court (Fricano, J.), entered January 9, 1997, convicting defendant after a jury trial of, inter alia, sodomy in the first degree (five counts).

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him, after a jury trial, of six counts of sexual abuse in the first degree (Penal Law § 130.65 [1]), five counts of sodomy in the first degree (§ 130.50 [3]), three counts each of menacing in the second degree (§ 120.14 [1]) and endangering the welfare of a child (§ 260.10 [1]), and one count of sodomy in the second degree (§ 130.45), all arising out of his repeated sexual molestation of and physical threats toward his adolescent sons. We reject the contention of defendant that County Court erred in denying his motion to dismiss the indictment pursuant to CPL 30.30 (*see People v Butler,* 300 AD2d 1103, 1104 [2002], *lv denied* 99 NY2d 613 [2003]). We further conclude that the court properly permitted the People to present proof on their case-in-chief concerning an uncharged incident in which defendant, while brandishing a knife, chased one of his sons outside the house. The probative value of that evidence on the issue of forcible compulsion outweighed its prejudicial tendency to establish that defendant had a criminal propensity (*see People v Chase,* 277 AD2d 1045 [2000], *lv denied* 96 NY2d 733 [2001]; *People v Kirkey,* 248 AD2d 979, 980 [1998], *lv denied* 92 NY2d 900 [1998]). The court properly excluded the grand jury testimony of the victims' aunt. "Defendant failed to make the requisite showing that the [witness's] grand jury testimony bore sufficient indicia of reliability" (*People v Coleman,* 306 AD2d 941, 942 [2003]; *cf. People v Robinson,* 89 NY2d 648, 655-656 [1997]). "In particular, there was no demonstration that the [witness] was subjected to vigorous examination before the grand jury or that h[er] account was otherwise tested for credibility" (*Coleman,* 306 AD2d at 942; *cf. Robinson,* 89 NY2d at 656-657; *see generally People v Rosa,* 302 AD2d 231 [2003], *lv denied* 99 NY2d 658 [2003]; *People v Richardson,* 297 AD2d 611, 612 [2002], *lv granted* 99 NY2d 563 [2002]). We decline to exercise our authority to reduce defendant's sentence as a matter of discretion in the interest of justice, but we note that the sentence is automatically capped pursuant to Penal Law former § 70.30 (1) (c) (iii). Present—Green, J.P., Wisner, Gorski and Lawton, JJ.