THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAMON BERRIOS, Appellant. [968 NYS2d 78]—

Judgment, Supreme Court, New York County (Marcy L. Kahn, J.), rendered April 20, 2010, as amended May 6, 2010 and June 15, 2010, convicting defendant, after a jury trial, of robbery in

the first degree, assault in the second degree, and attempted robbery in the first and second degrees, and sentencing him, as a persistent violent felony offender, to an aggregate term of 36 years to life, unanimously affirmed.

Since defendant never argued that he was constitutionally entitled to introduce the grand jury testimony of an unavailable witness, and instead offered the evidence on grounds not relevant to this appeal, his present constitutional claim under *Chambers v Mississippi* (410 US 284 [1973]; *see also People v Robinson*, 89 NY2d 648 [1997]) is unpreserved (*see People v Lane*, 7 NY3d 888, 889 [2006]; *People v Gonzalez*, 54 NY2d 729 [1981]; *see also Smith v Duncan*, 411 F3d 340, 348-349 [2d Cir 2005]), and we decline to review it in the interest of justice. This claim is unpreserved for the additional reason that defendant did not explain to the court what was exculpatory about the grand jury testimony. Further, the court did not "expressly decide[ ]" (CPL 470.05 [2]) the particular issues raised on appeal (*see People v Turriago*, 90 NY2d 77, 83-84 [1997]; *see also People v Colon*, 46 AD3d 260, 263 [2007]). As an alternative holding, we find that any error in excluding this evidence was harmless beyond a reasonable doubt because there was overwhelming evidence of defendant's guilt and "the omitted evidence [did not] create[ ] a reasonable doubt that did not otherwise exist" (*Robinson*, 89 NY2d at 657).

Defendant's claim that he received ineffective assistance of counsel at sentencing is generally unreviewable on direct appeal (*see People v Rivera*, 71 NY2d 705, 709 [1988]; *People v Love*, 57 NY2d 998 [1982]). To the extent the existing record permits review, we find that defendant received effective assistance at sentencing under the state and federal standards (*see People v Benevento*, 91 NY2d 708, 713-714 [1998]; *see also Strickland v Washington*, 466 US 668 [1984]). Defendant claims that his attorney should have made additional arguments at sentencing. However, we conclude that counsel made an argument for leniency that came within an objective standard of reasonableness, and that additional arguments would have been futile.

We perceive no basis for reducing the sentence. Concur—Tom, J.P., Mazzarelli, Moskowitz and Gische, JJ.