People v Cook (2019 NY Slip Op 05210)





People v Cook


2019 NY Slip Op 05210


Decided on June 27, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 27, 2019

Friedman, J.P., Gische, Kapnick, Singh, JJ.


9762 4230/13

[*1]The People of the State of New York, Respondent,
v
Justin Cook, Defendant-Appellant.


Christina A. Swarns, Office of the Appellate Defender, New York (Kami Lizarraga of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Susan Axelrod of counsel), for respondent.



Judgment, Supreme Court, New York County (Richard D. Carruthers, J. at hearings; Robert M. Stolz, J. at jury trial and sentencing), rendered March 25, 2015, convicting defendant of robbery in the first and second degrees and burglary in the first degree, and sentencing him, as a second felony offender, to concurrent prison terms of 12 years, unanimously reversed, on the law, and the matter remanded for a new trial.
The court erred in denying defendant's application, expressly made under Chambers v Mississippi (410 US 284 [1973]), to receive testimony that one of the robbery victims, who was unavailable to testify at trial, failed to identify defendant at a lineup. Of the requirements for admission of exculpatory hearsay evidence, the only one in dispute is the reliability of the nonidentification. Although there were reasons to suspect that this victim may have falsely claimed to be unable to identify anyone in the lineup, the nonidentification plainly bore sufficient "indicia of reliability" under the applicable standard, which "hinges upon reliability rather than credibility" (People v Robinson , 89 NY2d 648, 657 [1997]). Where the proponent of the statement " is able to establish this possibility of trustworthiness, it is the function of the jury alone to determine whether the declaration is sufficient to create reasonable doubt of guilt'" (id. [quoting People v Settles , 46 NY2d 154, 170 [1978]).
We have considered and rejected defendant's arguments for dismissal. Because we are ordering a new trial, we find it unnecessary to reach any other issues, except that we find that the verdict was based on legally sufficient evidence and was not against the weight of the evidence.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JUNE 27, 2019
CLERK