People v Dominguez (2024 NY Slip Op 06280)

People v Dominguez

2024 NY Slip Op 06280

Decided on December 12, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 12, 2024

Before: Kern, J.P., Kapnick, González, Mendez, O'Neill Levy, JJ. 

Ind No. 2391/15 Appeal No. 3247 Case No. 2019-3236 

[*1]The People of the State of New York, Respondent,
v
Jose Dominguez, Defendant-Appellant.

Caprice R. Jenerson, Office of the Appellate Defender, New York (David Bernstein of counsel), and Freshfields Bruckhaus Deringer US LLP, New York (Wang Jae Rhee of counsel), for appellant.
Darcel D. Clark, District Attorney, Bronx (Noah J. Sexton of counsel), for respondent.

Judgment, Supreme Court, Bronx County (Jeanette Rodriguez-Morick, J.), rendered February 27, 2019, convicting defendant, after a jury trial, of murder in the second degree, and sentencing him, as a second violent felony offender, to a term of 25 years to life, unanimously affirmed.
The verdict was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348-349 [2007]; see also People v Baque, AD3d , 2024 NY Slip Op 05244 [2024]). There is no basis for disturbing the jury's credibility determinations. The eyewitness identified defendant, whom he knew from the neighborhood, as one of the three men who argued with the victim, and as the man who pursued and shot the victim. Although the surveillance footage was too grainy to clearly identify the shooter, it was consistent with the eyewitness's account of the incident, and defendant's DNA was found on a gun recovered near the scene of the shooting.
Defendant did not preserve his claims that the court violated his constitutional right to present a defense by precluding testimony identifying a third party as the shooter, and that the court should have admitted the statement under the dying declaration exception to the hearsay rule (see People v Lane, 7 NY3d 888, 889 [2006]; People v Berrios, 107 AD3d 636, 637 [1st Dept 2013], lv denied 22 NY3d 1038 [2013]), and we decline to review his claims in the interest of justice. As an alternative holding, we reject them on the merits. The victim's nonverbal identification of a third party as the shooter, made the day after the shooting while the victim was intubated and on pain medication, did not bear sufficient indicia of reliability and trustworthiness to support its admission (see Chambers v Mississippi, 410 US 284 [1973]; People v Robinson, 89 NY2d 648, 657 [1997]; People v Estevez, 152 AD2d 406, 411-412 [2d Dept 1989], lv denied 75 NY2d 918 [1990]). The victim had made conflicting statements as to who had shot him, as he had verbally identified defendant as the shooter to his mother the previous day, only six hours after the shooting, and a detective had verified the third party's alibi that he was attending a program at the time of the shooting (see People v Coleman, 69 AD3d 430, 431-432 [1st Dept 2010], lv denied 15 NY3d 748 [2010]). Nor did the statement qualify as a dying declaration, as there is no evidence "the statement was made while the victim was under a sense of impending death with no hope of recovery" (see People v Nieves, 67 NY2d 125, 133 [1986]; People v Allen, 300 NY 222, 227 [1949]). Thus, the identification was properly excluded.
While "[i]t is not improper to admit an arrest photo to show that the defendant's appearance had changed from the time of his arrest" (People v McCorkel, 164 AD2d 799 [1st Dept 1990]; see also People v Logan, 25 NY2d 184, 195-196 [1969], cert denied 396 US 1020 [1970]), the court erred in admitting multiple arrest photos from three prior arrests. While the photos were relevant to show [*2]that defendant previously had long hair, which he had cut before his arrest, a defendant's mug shot from a prior crime can improperly convey to the jurors that he had a criminal history, thus causing prejudice that may outweigh probative value (see People v Colon, 267 AD2d 125, 126 [1st Dept 1999]). Nonetheless, we find that any error was harmless, where the court redacted references on the photos to the police and the arrest, overwhelming evidence established his guilt and the court gave curative instructions directing the jury not to speculate as to the source of the photos or how they were obtained (see People v Crimmins, 36 NY2d 230, 242 [1975]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 12, 2024