Parkway MHC, LLC v Toscano (2026 NY Slip Op 50149(U))

[*1]

Parkway MHC, LLC v Toscano

2026 NY Slip Op 50149(U)

Decided on February 9, 2026

Justice Court Of The Town Of Haverstraw, Rockland County

Coffinas, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on February 9, 2026
Justice Court of the Town of Haverstraw, Rockland County

Parkway MHC, LLC, Petitioner,

againstPenny Toscano, Respondent, JOHN DOE, JANE DOE, and all others, Occupants.

Case No. 25100084

George G. Coffinas, J.

This is a nonpayment summary proceeding. Respondent has moved to dismiss the proceeding pursuant to CPLR §§ 3211, 1001 and 406, RPL § 233, RPAPL § 741 and EPTL §§ 3-3.1 and 11-3.1. In support of the motion, respondent has filed a Notice of Motion dated November 7, 2025, the affidavit of respondent Penny Toscano sworn to on November 6, 2025, the affirmation of Mary Ellen Natale, Esq. dated November 7, 2025, together with Exhibits "A" through "D" annexed thereto. In opposition to the motion petitioner has submitted the affirmation of Steven C. Teague, Esq., dated November 24, 2025, together with Exhibits "1" and "2." In further support of the motion respondent has submitted the affirmation of Mary Ellen Natale, Esq, dated December 8, 2025, together with Exhibits "A" through "D" annexed thereto. Oral argument by counsel for the parties was heard by the Court on December 15, 2025.
Upon reading the foregoing papers, having heard the arguments of counsel, and having given due deliberation thereon, the Court decides as follows.
Factual Background
This summary eviction proceeding was commenced by a notice of petition, petition and supporting papers which were served upon respondent by personal delivery on October 8, 2025, and filed with the Court on October 17, 2025. The premises at issue in this proceeding is a manufactured home that, respondent avers, was owned by respondent's deceased mother, Mary Toscano, who died testate on June 26, 2022. Mary Toscano's last will and testament has not been probated. The sole beneficiary of Mary Toscano's estate was her son Anthony Toscano, who died intestate in March, 2025. No representative of Anthony's estate has been appointed. Respondent, who is Anthony Toscano's sister, has resided in the subject premises since July, 2023.
[*2]The Instant Motion
This motion, although not specifically denominated as such, is a motion to dismiss pursuant to CPLR § 3211 (a) (10). The essence of the motion is that petitioner has failed to join "necessary parties," within the meaning of CPLR § 1001 to wit, the estates of Mary and Anthony Toscano, upon the theory that a judgment in this proceeding will necessarily affect the rights of the estates. This latter theory relies principally on the fact that pursuant to RPAPL § 790 et seq. a manufactured home deemed abandoned following an eviction proceeding may be sold and the proceeds thereof applied to rent arrears. Respondent argues that the rights of the estates of Mary and Anthony Toscano would therefore be affected by a judgment in the instant proceeding. This argument relies however on the following factual assumption: that Mary Toscano was the owner of the manufactured home at the time of her death and therefore, pursuant to her last will and testament it would be devised (upon the will being admitted to probate) to Anthony Toscano.
Petitioner argues that respondent has failed to prove that Mary Toscano was the owner of the manufactured home. Respondent claims to be unable to locate any title documents to the home. She further states, upon information and belief, that the N.Y.S. Department of Motor Vehicles does register mobile homes manufactured, is the subject home was, prior to 1994. Respondent does however submit the results of an online property search which shows Mary Toscano to be the owner of the property in question. While such a online property search is rife with evidentiary infirmities, including running afoul of the rule against hearsay, it does bear sufficient indicia of reliability, taken together with the other circumstances of this case, such as the history of occupancy of the home, that the Court will deem respondent to have demonstrated that Mary Toscano was indeed the owner of the mobile home at the time of her death. See, e.g. People v. Robinson, 89 NY2d 648 (1997) (Hearsay admissible where the evidence bears sufficient indicia of reliability and the declarant is deceased.).
Nevertheless, the Court is unconvinced that the estates of Mary and Anthony Toscano are indeed "necessary parties" for purposes of CPLR § 3211 (a) (10). Specifically, the Court holds that joinder of the two estates is excusable upon consideration of the five discretionary factors set-forth in CPLR § 1001 (b). The five factors will be addressed below ad seriatim.
The first factor is "whether the plaintiff has another effective remedy in case the action is dismissed on account of the nonjoinder." Here, while petitioner can petition for representatives of the two estates to be appointed, the financial burden, given the circumstances presented, renders this an ineffective remedy.
The second factor, is "the prejudice which may accrue from the nonjoinder to the defendant or to the person not joined." The prejudice to respondent and the two estates in continuing this summary proceeding is de minimis. A judgment of possession in this case will not immediately cause a sale of the mobile home to occur. See RPAPL § 790 et seq. The persons interested in the estates, including respondent, will have ample opportunity to petition for the appointment of estate representatives.
The third factor is "whether and by whom prejudice might have been avoided or may in the future be avoided." With respect to the consideration of this factor, it is not lost on the Court that respondent herself equally has the ability to seek appointment of the fiduciaries, and in fact is in a better position to do so given her familial ties to the decedents.
The fourth factor is "the feasibility of a protective provision by order of the court or in the judgment." A protective provision, given the nature of the instant proceeding is not feasible.
The fifth and final factor is "whether an effective judgment may be rendered in the absence of the person who is not joined." Clearly an effective judgment in this eviction proceeding can be rendered in the absence of joinder of the estates of the two decedents.
Thus, consideration of the five discretionary factors enumerated above militates for denial of respondent's motion. See generally, Siegel, NY Practice § 133 (6th ed.) ("Dismissal of the action for nonjoinder of a given person is a possibility under the CPLR, but it is only a last resort.")
Accordingly, it is hereby
ORDERED, that the respondents' motion is denied; and it is further
ORDERED, the Clerk of the Court is directed to set-down this matter for trial on the Court's next available trial date.
Dated: February 9, 2026Garnerville, New YorkENTER./s/______________________________Hon. GEORGE G. COFFINAS,Town Justice, Town of Haverstraw