OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed.
*973 The number of shots fired, the number of persons fired at and the fact that they were running toward the door of the poolroom in an effort to get away from defendant, though not as egregious circumstances as those involved in People v Register (60 NY2d 270), were sufficient to present a question for the jury concerning whether defendant evinced “a depraved indifference to human life” (Penal Law, § 125.25, subd 2). Moreover, the jury was charged that depraved indifference to human life required that they find defendant’s “conduct, beyond being reckless * * * so wanton, so deficient in a moral sense of concern, so devoid of regard of the life or lives of others, and so blameworthy as to warrant the same criminal liability as that which the law imposes upon a person who intentionally causes the death of another.” The evidence being sufficient and the charge proper, the conviction on this count must stand.
The argument that defendant’s statements should have been suppressed because the reliability of the information obtained from a citizen informant had not been established by calling Officer Gatti, who received the information and passed it on to the arresting officer, has not been preserved for our review. Reliability was not put in issue either in defendant’s motion papers or during the hearing, the peripheral reference during argument at thg end of the hearing to the absence of Officer Gatti as a witness being insufficient (People v Weston, 56 NY2d 844; People v Jenkins, 47 NY2d 722).
We have considered the other issues argued by defendant and find them to be either without merit or not sufficiently preserved.
Chief Judge Cooke and Judges Jasen, Jones, Wachtler, Meyer, Simons and Kaye concur.
Order affirmed in a memorandum.