■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE MALDONADO, Appellant. [602 NYS2d 118] —Judgment, Supreme Court, New York County (Edwin Torres, J.), rendered July 2, 1991, convicting defendant, after a jury trial, of manslaughter in the second degree and criminal possession of a weapon in the second and third degrees, and sentencing him, as a second violent felony offender, to concurrent terms

of 7½ to 15 years, 7½ to 15 years and 3½ to 7 years, respectively, unanimously affirmed.

By requesting submission of manslaughter in the second degree as a lesser included offense of murder in the second degree, defendant necessarily conceded, if indeed he did not affirmatively argue, that such a charge was supported by a reasonable view of the evidence, thereby waiving his present argument that while the evidence might have supported a theory that he had intentionally shot the deceased, it was legally insufficient to show that he had acted recklessly *(People v Ford,* 66 NY2d 428, 440). The court did not err in submitting the missing witness charge, and it makes no difference that the witness might have been available to the prosecution *(see, People v Ramirez,* 73 AD2d 567). The affirmance of defendant's prior violent felony conviction, by a Connecticut appellate court *(State v Maldonado,* 193 Conn 350, 478 A2d 581) collaterally estops his present claim that the Connecticut trial court had violated his Federal constitutional right of confrontation *(see, e.g., People v Abbott,* 113 Misc 2d 766, 777-778, *affd* 178 AD2d 281, *lv denied* 79 NY2d 918; *People v Di Giacomo,* 96 AD2d 1127).

We have considered defendant's remaining contentions and find them to be unpreserved or without merit. Concur—Murphy, P. J., Sullivan, Kupferman and Nardelli, JJ.