■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ERIC JENKINS, Appellant. [646 NYS2d 535] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Giaccio, J.), rendered October 27, 1993, convicting him of murder in the second degree and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Leahy, J.), of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

The defendant was convicted based on an April 11, 1992, incident during which he walked up to the victim, who was waiting at a bus stop, grabbed and spun him around, and shot him in the head at least three times. The defendant fled the scene and was arrested about a month later based on an identification by an eyewitness who knew the defendant, and had been shown a single photograph of him. Another witness, who provided testimony supporting the motive for the shoot-

ing, also knew the defendant, and identified him from a single photograph.

On appeal, the defendant contends that the out-of-court identifications were tainted and impermissibly suggestive, thereby warranting suppression of the in-court identifications.

It is well settled that the identification of a defendant by the use of a single photograph must be merely confirmatory, based on the eyewitnesses' prior familiarity with the defendant, in order to overcome the suggestiveness of the procedure employed (*People v Williamson*, 79 NY2d 799; *People v Newball*, 76 NY2d 587). The record here reveals that both identifying witnesses had sufficient familiarity with the defendant from having encountered him in the neighborhood two or three times a week for the period of a year. In addition, the eyewitness to the shooting also knew the defendant from an altercation on the streets in Brooklyn. Under the facts presented, the identification of the defendant was merely confirmatory, and suppression was properly denied.

The remaining contentions of the defendant are without merit. Miller, J. P., O'Brien, Goldstein and McGinity, JJ., concur.