■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CLAUDE REESE, Appellant. [707 NYS2d 135] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Aiello, J.), rendered March 12, 1997, convicting him of murder in the second degree and reckless endangerment in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Early in the morning of December 19, 1995, three men pointed a shotgun at the defendant and forced him into the apartment of Derrick Weeks. The defendant was tied up with others, and Weeks was taken from the apartment at gunpoint, after a demand for ransom was made. Some 10 to 15 minutes later, a security guard stationed at the front gate of the apartment complex heard the defendant, who had broken free, yell, "They got Derrick, they got Derrick", and he saw a group of eight or nine people, including the defendant, running through the grounds.

The guard observed the defendant shooting an assault weapon, spraying bullets. The guard also observed two other security guards running in the guard's direction as the shots

were being fired. The victim, one of the guards, was observed being struck while trying to run through an exit. Another prosecution witness, a resident of the housing project who knew the defendant, observed him firing a big gun. None of the three security guards were armed.

Contrary to the defendant's contention, the court did not err when it refused to instruct the jury with respect to manslaughter in the first degree as a lesser-included offense of intentional murder, or manslaughter in the second degree as a lesser-included offense of depraved indifference murder (*see, People v Shuman,* 37 NY2d 302, 304). Under no reasonable view of the evidence could the jury have found that the defendant committed the lesser offenses but not the greater (*cf., People v Aviles,* 80 NY2d 997, 998; *People v Martin,* 59 NY2d 704, 705). Further, if the jury found that the defendant acted recklessly, then under the circumstances of this case, where the defendant sprayed bullets from an automatic weapon, he evinced a depraved indifference to human life.

The defendant's remaining contentions are unpreserved for appellate review or without merit. Joy, J. P., McGinity and Feuerstein, JJ., concur.

Goldstein, J., dissents and votes to reverse the judgment appealed, on the law, and to order a new trial, with the following memorandum: It is undisputed that the defendant was accosted by armed men who forced him into the apartment of his friend Derrick Weeks. Once inside the apartment, the defendant was tied up with duct tape, and Weeks was kidnapped at gunpoint. According to the defendant, one of the perpetrators had previously worked as a security guard at the apartment complex. A People's witness acknowledged that security guards for the apartment complex had been implicated in the prior murder of Derrick Weeks's brother Prince.

After Derrick Weeks was kidnapped from the apartment, the defendant managed to break free, and asked Weeks's mother to call the police. The defendant ran downstairs in pursuit of the kidnappers and encountered the victim, a security guard whom the defendant claims carried guns on numerous prior occasions. The defendant heard gunshots. He testified at the trial that he thought the victim fired at him, and fired three shots. A People's witness confirmed that shots were fired from several guns, and another People's witness heard the defendant shout "They got Derrick". The defendant continued to chase the kidnappers until he saw a black Volvo speeding from the scene.

Thereafter, the police found duct tape and live ammunition in Weeks' apartment. Weeks' body was later found. His kidnappers were found guilty after trial of homicide.

The trial court instructed the jury with respect to the justification defense set forth in Penal Law § 35.15 (2) (b), which permits use of deadly physical force against a person whom the defendant believes is committing or attempting to commit a kidnapping. The court further instructed the jury that "the law * * * provides" that if the defendant believed the use of deadly physical force was necessary to defend himself or a third person from a kidnapping, the defendant "may nevertheless not use defensive deadly physical force if he knows he can, with complete safety to himself and to others, avoid the use of deadly physical force by retreating and not getting into the fray". Such an instruction was clearly erroneous. As the Court of Appeals noted in *People v Goetz* (68 NY2d 96, 106, n 5), the justification defense pertaining to the use of deadly physical force to avert a felony does not contain a separate retreat requirement. Indeed, imposing such a requirement would totally vitiate the defense. By instructing the jury that the defendant had a duty to retreat and avoid "getting into the fray", the trial court in effect directed a verdict in favor of the People. The People conceded at oral argument that the instruction was erroneous.

The court further erred when it refused to instruct the jury with respect to manslaughter in the second degree as a lesser-included offense (*see, People v Garcia,* 64 AD2d 555). In determining whether the defendant acted with depraved indifference to human life, the defendant's state of mind is the crucial issue (*see, People v Register,* 60 NY2d 270). In view of the undisputed facts that the defendant's friend had just been kidnapped, and the defendant himself tied up with duct tape, and the evidence that shots from several guns were fired, it cannot be said that, as a matter of law, the defendant acted with depraved indifference to human life (*see, People v Aviles,* 80 NY2d 997; *People v Butler,* 57 NY2d 664).

The defendant's remaining contentions are unpreserved for appellate review or without merit.