■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHRISTOPHER WEBB, Appellant. [818 NYS2d 621]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Feldman, J.), rendered March 8, 2001, convicting him of murder in the second degree, attempted murder in the first degree, and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant challenges his conviction of murder in the second degree (*see* Penal Law § 125.25 [2]). He argues, inter alia, that the evidence was legally insufficient to establish that he acted with a depraved indifference to human life. Rather, contrary to the statements he made in his second videotaped statement, the defendant contends that this act evinced an intent to kill (*see People v Payne*, 3 NY3d 266 [2004]).

Notably, the defendant's trial counsel asked the Supreme Court to submit for the jury's consideration, as lesser-included offenses of murder in the first degree, the charges of depraved indifference murder, manslaughter in the first degree, and manslaughter in the second degree. The Supreme Court granted the request as to depraved indifference murder and denied the request as to manslaughter in the first and second degrees. The defense counsel argued convincingly to the Supreme Court, and then successfully to the jury, that there was a reasonable view of the evidence under which the defendant committed depraved indifference murder, but not intentional murder, a position which is diametrically opposed to that which the defendant now takes that the evidence supported only a finding of intentional murder and was inconsistent with a reckless act. Accordingly, the defendant waived his challenge to the sufficiency of the evi-

dence of recklessness underlying his conviction (*see People v Gray*, 86 NY2d 10 [1995]; *People v Garbutt*, 9 AD3d 255 [2004]; *People v Maldonado*, 196 AD2d 778 [1993]).

Although it is impossible to commit the offense of depraved indifference murder without having concomitantly committed, by the same conduct, the offense of manslaughter in the second degree (*see* CPL 1.20 [37]), the Supreme Court properly denied the defendant's request to charge manslaughter in the second degree as a lesser-included offense. Under the circumstances of this case, there is no reasonable view of the evidence upon which the jury could have found that the defendant committed the lesser offense but not the greater when he wildly started shooting a semi-automatic handgun in the small narrow vestibule of the victims' apartment endangering the four other people present (*see* CPL 300.50 [1]; *People v McPherson*, 6 NY3d 202; *People v Platt*, 299 AD2d 496 [2002]; *People v Reese*, 271 AD2d 551, 552 [2000]).

The defendant's remaining contentions are without merit. Miller, J.P., Crane, Skelos and Dillon, JJ., concur.