■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DARNELL TOMLIN, Appellant. [838 NYS2d 595]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Chambers, J.), rendered April 5, 2001, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

The record of the *Rodriguez* hearing (*see People v Rodriguez,* 79 NY2d 445 [1992]) supports the hearing court's determination that the witnesses were impervious to police suggestion, and thus that their identifications were confirmatory (*see People v Rodriguez, supra; People v Garner,* 27 AD3d 764 [2006]; *People v James,* 259 AD2d 709, 710 [1999]; *People v Russo,* 243 AD2d 658, 659 [1997]; *People v Miller,* 232 AD2d 247 [1996]; *People v Jenkins,* 230 AD2d 806, 807 [1996]; *Matter of Bruce C.,* 224 AD2d 685, 686 [1996]; *People v Terry,* 224 AD2d 202 [1996]).

The defendant's contention that the evidence was legally insufficient to prove depraved indifference murder beyond a reasonable doubt is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Gray,* 86 NY2d 10, 19 [1995]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes,* 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the elements of depraved indifference murder beyond a reasonable doubt (*see People v Fenner,* 61 NY2d 971 [1984]; *People v Campbell,* 33 AD3d 716 [2006]; *People v Webb,* 31 AD3d 796 [2006]; *People v Summerville,* 22 AD3d 692 [2005]). Further, the evidence was legally sufficient to establish the defendant's identity as the perpetrator.

Moreover, resolution of issues of credibility is primarily a matter to be determined by the jury, which saw and heard the witnesses, and its determination should be accorded great deference on appeal (*see People v Romero,* 7 NY3d 633, 644-645 [2006]; *People v Mateo,* 2 NY3d 383, 410 [2004], *cert denied* 542 US 946 [2004]). Upon the exercise of our factual review power (*see* CPL 470.15 [5]), we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero, supra*). Crane, J.P., Goldstein, Covello and Dickerson, JJ., concur.