■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DWAYNE MORRISON, Appellant. [873 NYS2d 159]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Eng, J.), rendered July 10, 2007, convicting him of murder in the second degree and criminal possession of a weapon in the fourth degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the record of the *Rodriguez* hearing (*see People v Rodriguez*, 79 NY2d 445 [1992]) supports the hearing court's determination that the witness was impervious to police suggestion, and thus that his identification of the defendant was confirmatory (*see People v Tomlin*, 41 AD3d 620, 621 [2007]; *People v Garner*, 27 AD3d 764 [2006]; *People v Jenkins*, 230 AD2d 806, 807 [1996]).

The defendant's claims that he was denied a fair trial because the prosecutor made improper remarks during his opening statement and summation are unpreserved for appellate review, except his claim that the prosecutor shifted the burden of proof during summation (*see* CPL 470.05 [2]). With respect to that preserved issue, the court clearly and correctly instructed the jury that the burden of proof remained with the People and did not shift to the defendant (*see People v Grant*, 54 AD3d 872 [2008]; *People v Farino*, 21 AD3d 427 [2005]; *People v Howe*, 292 AD2d 542 [2002]). In any event, the challenged remarks either were fair comment on the evidence, permissible rhetorical

comment, or responsive to defense counsel's summation (*see People v Martin*, 54 AD3d 776 [2008]; *People v Garcia*, 52 AD3d 734 [2008]).

The defendant's remaining contentions either are without merit or do not require reversal. Rivera, J.P., Angiolillo, Carni and McCarthy, JJ., concur.