■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MELVIN TINCH, Appellant. [898 NYS2d 511]—Appeal by the defendant from a judgment of the County Court, Suffolk County (Hinrichs, J.), rendered January 22, 2007, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress his statements to law enforcement officials.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, a review of the totality of the circumstances (*see People v Mateo*, 2 NY3d 383, 413 [2004], *cert denied* 542 US 946 [2004]), demonstrates that his oral, written, and videotaped statements to the police were vol-

untarily made (*see* CPL 60.45 [1]). Accordingly, that branch of the defendant's omnibus motion which was to suppress his oral, written, and videotaped statements to police was properly denied (*see People v Mora*, 57 AD3d 571, 571-572 [2008]).

The defendant's contention that the evidence was legally insufficient to establish his guilt beyond a reasonable doubt is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Hawkins*, 11 NY3d 484 [2008]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon our independent review pursuant to CPL 470.15 (5), we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

The trial court properly denied the defendant's request to charge manslaughter in the second degree as a lesser-included offense of depraved indifference murder. There was no reasonable view of the evidence which would support a finding that the defendant committed the lesser offense but not the greater (*see* CPL 300.50 [1]; *People v Webb*, 31 AD3d 796, 797 [2006]; *People v Platt*, 299 AD2d 496 [2002]; *People v Vargas*, 212 AD2d 553 [1995]; *People v Murray*, 208 AD2d 655 [1994]).

The defendant's claim of ineffective assistance of counsel is without merit, as the record shows that defense counsel provided meaningful representation to the defendant at all stages of the proceedings (*see People v Caban*, 5 NY3d 143, 152 [2005]; *People v Benevento*, 91 NY2d 708, 712 [1998]).

The sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]). Skelos, J.P., Covello, Balkin and Austin, JJ., concur.