■ The People of the State of New York, Respondent, v Trevor Anderson, Appellant. [15 NYS3d 103]—Appeal by the defendant from a judgment of the Supreme Court, Kings County (McKay, J.), rendered January 3, 2012, convicting him of attempted murder in the second degree and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

On March 24, 2010, at approximately 1:10 a.m., Diana Perez's boyfriend, Erick Brown-Gordon, was crossing the street in front of his house when the defendant, Perez's ex-boyfriend, walked up to him and, after a short verbal exchange, took out a .45 caliber automatic revolver and shot him twice in the abdomen. As Brown-Gordon turned around and attempted to flee, the defendant shot him two more times, this time in the back. Brown-Gordon collapsed, face down, on the ground in front of his nearby home. Brown-Gordon's father, who had observed the shooting from inside his house, ran out and asked his son who had shot him. Brown-Gordon answered "Trevor," the defendant. Brown-Gordon identified the defendant from a lineup and identified him in court as the individual who had shot him.

Contrary to the defendant's contention, viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620, 621 [1983]), we find that the identification evidence was legally sufficient. Moreover, upon the exercise of our factual review power (*see* CPL 470.15 [5]), we are satisfied that the jury's finding that the defendant was the shooter was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633, 644-645 [2006]). Neither Perez's level of intoxication nor the inconsistencies between Brown-Gordon's prior statements to the police and before the grand jury, on the one hand, and his trial testimony, on the other, were so significant as to render their testimony incredible or unreliable (*see People v Almonte*, 23 AD3d 392, 393 [2005]; *People v Lambert*, 272 AD2d 413, 414 [2000]).

We agree with the defendant that the Supreme Court improvidently exercised its discretion in determining, after a *Sandoval* hearing (*see People v Sandoval*, 34 NY2d 371 [1974]), that the People could inquire about the defendant's prior conduct of possessing guns. Whereas "[c]ommission of perjury or other crimes or acts of individual dishonesty, or untrustworthiness . . . will usually have a very material relevance, whenever committed" (*id.* at 377), the fact that the defendant had possessed guns on a prior occasion had little bearing on his credibility (*cf. People v Grant*, 7 NY3d 421, 425 [2006]). However, the error was harmless (*see People v Crimmins*, 36 NY2d 230 [1975]). Moreover, under the circumstances of this case, this error did not deprive the defendant of a fair trial.

The defendant's contention that the prosecutor's improper remarks during summation deprived him of a fair trial is unpreserved for appellate review (*see* CPL 470.05 [2]). In any

event, the challenged remarks did not deprive the defendant of a fair trial (*see People v McMillan*, 130 AD3d 651 [2d Dept 2015]; *People v Almonte*, 23 AD3d 392 [2005]).

Also unpreserved for appellate review is the defendant's contention that the Supreme Court should have rejected the verdict on the weapons possession count, because it was submitted for consideration only in the alternative. In any event, there is no merit to this argument because, while the court was permitted to remedy the jury's lapse by simply refusing to accept the verdict on the alternative concurrent count (*see People v McDowell*, 216 AD2d 419, 421 [1995]), it was not required to do so.

The sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80, 83 [1982]). Mastro, J.P., Skelos, Dickerson and LaSalle, JJ., concur.