People v Chunn (2020 NY Slip Op 01635)

BODY {
font-family : "Times New Roman", Times, serif;
font-size : larger;
}

P {
line-height: 150%;
text-indent: 2em
}

People v Chunn

2020 NY Slip Op 01635

Decided on March 11, 2020

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 11, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department
REINALDO E. RIVERA, J.P.
CHERYL E. CHAMBERS
ROBERT J. MILLER
FRANCESCA E. CONNOLLY, JJ.


2015-05219
(Ind. No. 2376/12)

[*1]The People of the State of New York, respondent,
vChristopher Chunn, appellant.

Paul Skip Laisure, New York, NY (Yvonne Shivers of counsel), for appellant.
Melinda Katz, District Attorney, Kew Gardens, NY (John M. Castellano, Johnnette Traill, and Roni C. Piplani of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (John LaTella, J.), rendered June 9, 2015, convicting him of attempted murder in the second degree, attempted assault in the first degree, assault in the second degree, and criminal possession of a weapon in the second degree (two counts), upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
Viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620), the evidence was legally sufficient to establish the defendant's guilt of attempted murder in the second degree, attempted assault in the first degree, assault in the second degree, and criminal possession of a weapon in the second degree (two counts) beyond a reasonable doubt (see People v Lambert, 272 AD2d 413, 413-414). Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410; People v Bleakley, 69 NY2d 490, 495). Upon viewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Anderson, 130 AD3d 1055, 1056; People v Allen, 107 AD3d 818, 818-819; People v Lambert, 272 AD2d at 413-414).
The defendant's contention that the Supreme Court erred in admitting evidence of a prior meeting between the defendant and the complainant is without merit. Contrary to the defendant's contention, this evidence was not Molineux evidence (see People v Molineux, 168 NY 264) since it did not concern uncharged crimes or other bad acts (see People v Brewer, 28 NY3d 271, 276; People v Myles, 172 AD3d 752, 753).
The Supreme Court providently exercised its discretion in permitting the People to offer into evidence recordings of telephone calls the defendant made while in pretrial detention at Rikers Island Correctional Facility, as the recordings' probative value as evidence of consciousness of guilt outweighed their prejudicial effect (see People v Chrisostome, 167 AD3d 644, 644; People v Moore, 118 AD3d 916, 918). The court's ruling also did not violate the defendant's Fourth Amendment right to be free from unreasonable searches and seizures (see People v Diaz, 33 NY3d [*2]92, 95; People v Boyd, 175 AD3d 630, 631; People v Chrisostome, 167 AD3d at 644).
The defendant's contention that certain remarks made by the prosecutor were improper is, for the most part, unpreserved for appellate review (see CPL 470.05[2]; People v Beaupre, 170 AD3d 1031, 1033). In any event, most of the challenged summation remarks were fair comments on the evidence and reasonable inferences to be drawn therefrom (see People v Anaka, 154 AD3d 870, 872). To the extent that the prosecutor's remarks constituted improper burden shifting, the Supreme Court sustained defense counsel's objection, and the curative instructions provided by the court alleviated any prejudice that may have resulted from the remarks (see People v Morrison, 59 AD3d 569, 569; People v Ramsey, 48 AD3d 709, 710). To the extent that any of the remaining challenged remarks were improper, they were not so flagrant or pervasive as to have deprived the defendant of a fair trial (see People v Coleman, 148 AD3d 717, 718; People v Almonte, 23 AD3d 392, 394). Furthermore, defense counsel's failure to object to most of those remarks did not constitute ineffective assistance of counsel (see People v Johnson, 171 AD3d 1089, 1090-1091).
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
RIVERA, J.P., CHAMBERS, MILLER and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court